

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2006

# David v. DeRosa

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4131

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"David v. DeRosa" (2006). *2006 Decisions.* Paper 1252.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1252

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4131
_____

SHMUEL DAVID,

Appellant

v.

C.J. DeROSA, Warden, FCI Fort Dix

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-02098)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed April 18, 2006)
_____

OPINION
_____

PER CURIAM

Appellant Shmuel David, a federal prisoner incarcerated at the Federal

Correctional Institution at Fort Dix, New Jersey, is serving a term of imprisonment of 30

years, a sentence imposed in United States District Court for the District of

Massachusetts. Assuming he receives all good conduct time available to him under 18 U.S.C. § 3624(b), his projected release date is July 10, 2014. In May 2002, David was charged with a misconduct for threatening a food service officer with bodily harm, a violation of Code 203.[1] David asserts that he was given an ice cream sandwich by one food service officer, and it quickly was taken from him by a different food service officer because he was not supposed to have it. David explained to the second food service officer that he was rightfully in possession of the item, at which point the second officer expressed surprise that David was "snitching" on the first officer. David evidently took offense at being called a "snitch" in front of other inmates and committed the complained of conduct, which included raising his voice and his fists.

David received a disciplinary hearing and was adjudicated guilty. The Disciplinary Hearing Officer ("DHO") imposed the following sanctions: 30 days disciplinary segregation, 27 days loss of good conduct time and a recommendation (suspended pending 180 days clear conduct) for a disciplinary transfer. David appealed the DHO's decision to the Bureau of Prisons Northeast Regional Office, but the appeal was rejected as untimely. He appealed the decision of the Regional Office to the Central Office, unsuccessfully.

David filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in

---

[1] A chart listing the various code offenses or prohibited acts within the Bureau of Prisons inmate disciplinary system and describing the available sanctions is found at Table 3 of 28 C.F.R. § 541.13. Sanctions are also addressed in Tables 4 and 5 of 28 C.F.R. § 541.13.

United States District Court for the District of New Jersey, in which he contended that he did not have an adequate opportunity to prepare his defense because he did not meet with his staff representative until the hearing, his staff representative was not impartial, the staff representative failed to produce witnesses to testify on his behalf, the disciplinary action was a sham to cover up the food service officer's misconduct in calling him a snitch, and the evidence did not support the DHO's finding because the food service officer's statement contained contradictions. The government answered the complaint on the merits and waived the procedural default defense available under Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

In an order entered on August 19, 2005, the District Court denied the habeas petition. As a threshold matter, the court construed David's assertions as a proper challenge to the constitutional adequacy of his disciplinary procedures at FCI Fort Dix, which resulted in loss of good time credits and a resulting effect on the execution of his sentence. The procedural due process protections afforded by Wolff v. McDonnell, 418 U.S. 539 (1974), apply only when a prisoner's constitutional interests are implicated. Sandin v. Connor, 515 U.S. 472, 487 (1995). With respect to his disciplinary confinement, David lacked the requisite constitutional interest, because it was not an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (quoting Sandin, 515 U.S. at 484).

With respect to loss of good time credit, the District Court concluded that David was entitled to: (1) an impartial decision-making body; (2) twenty-four hour advance

written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence; (4) assistance from a representative; and a written decision explaining the evidence relied upon. Wolff, 418 U.S. at 563-67. In addition, the decision had to have support, but only by "some" evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). Applying these principles, the court concluded that David was afforded due process. He received written notice well before the disciplinary hearing, he was advised of his rights and he requested a staff representative, and Counselor J. Williams represented him, and he provided a statement in his own behalf. The DHO also considered evidence from the two food service officers. A written decision was issued in which the DHO explained that David's testimony was self-serving and that the act of threatening another was committed as charged. Moreover, David had not substantiated his charge that the process was not impartial.

We will affirm. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). In reviewing a federal habeas judgment, we exercise plenary review over a district court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000). Although the issue in David's appeal contains some elements of a factual nature, the inquiry is essentially legal in nature, and we therefore exercise plenary review over the District Court's conclusions regarding this matter. Id.

We have carefully reviewed the record and David's contentions on appeal. We agree with the District Court, for the reasons given, that he received notice, an adequate

opportunity to present his case, adequate assistance from a staff member, and a written decision. We agree that he did not substantiate his charge of an impartial tribunal. Wolff, 418 U.S. at 563-572. In addition, there was some evidence to support the DHO's conclusions, including David's admissions, and the eyewitness accounts. Id. at 564-65; Hill, 472 U.S. at 455-56.[2] David has argued on appeal that the evidence was disputed, but the Hill standard is minimal and does not require an independent assessment of the credibility of witnesses or even a weighing of the evidence. Thompson v. Owens, 889 F.2d 500, 502 (3d Cir. 1989). Therefore, the District Court properly rejected David's due process claim on the merits.

We will affirm the judgment of the District Court.

---

[2] In denying David's appeal, the Warden explained that the threatening behavior was not justified even assuming that the snitch remark was made, and we agree.