

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2007

# Antonakeas v. Sherman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5003

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Antonakeas v. Sherman" (2007). *2007 Decisions.* Paper 547.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/547

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-302                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-5003
_____

PANTELIS ANTONAKEAS, Appellant

v.

JAMES SHERMAN, WARDEN
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00305)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2007

Before:  RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES

(Filed:  August 23, 2007)
_____

OPINION
_____

PER CURIAM

        Pantelis Antonakeas, a federal prisoner, appeals from an order of the United

States District Court for the Western District of Pennsylvania denying his habeas corpus

petition, filed pursuant to 28 U.S.C. § 2241.   Because we conclude that Antonakeas'

appeal presents no substantial question, we will summarily affirm the District Court's

order.

In his habeas petition, Antonakeas alleged that he was denied due process during prison disciplinary proceedings. In November 2004, prison staff conducted a search of Antonakeas' property. A cellular telephone was discovered. Antonakeas was charged with the use of a telephone for abuse other than criminal activity (Code 297) and possession of anything unauthorized (Code 305), both violations of the Bureau of Prison's ("BOP") disciplinary code. In January 2005, a disciplinary hearing was conducted. Ultimately, the Discipline Hearing Officer ("DHO") found Antonakeas committed the acts as charged. The DHO sanctioned Antonakeas with the loss of forty days good conduct time ("GCT") in addition to other sanctions.

Antonakeas unsuccessfully appealed the DHO's decision to the Regional Director and to the Bureau of Prisons.[1] In October 2005, Antonakeas filed this habeas petition pursuant to § 2241. In the petition, Antonakeas claimed that the guilty finding was not based on the greater weight of the evidence ("Claim I"). He requested that incident report along with the sanctions be expunged. Antonakeas also asserted that the DHO was biased during the hearing ("Claim II"). Antonakeas claimed that the DHO had already made up his mind regarding Antonakeas' guilt before the hearing began. In his answer, the Defendant asserted that Claim 1 should be denied on the merits and that Claim II is unexhausted and procedurally defaulted.

---

[1] The Regional Director noted that Antonakeas' behavior "was more accurately summarized as Codes 297 (Attempted) and 305." However, Antonakeas' sanctions remained intact on appeal.

The Magistrate Judge recommended denying the habeas petition. The Magistrate Judge determined that the DHO had "some evidence" to find Antonakeas guilty of the charged offenses. Furthermore, the Magistrate Judge determined that Claim II is unexhausted and procedurally defaulted. The District Court adopted the report and recommendation. Antonakeas timely filed a notice of appeal. The Appellee filed a motion for summary action.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

At a prison disciplinary hearing, due process requires that the inmate: (i) appear before an impartial decision-making body; (ii) be given at least 24 hours' written notice of the charges; (iii) be afforded an opportunity to call witnesses and present documentary evidence; (iv) be permitted assistance from an inmate representative; and (v) receive a written decision explaining the decision-maker's conclusions. See Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974). In order to comport with due process, a disciplinary decision must have some support, but only by "some evidence" in the record. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985). The Hill standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See Thompson v. Owens, 889 F.2d 500, 501-02 (3d Cir. 1989).

With respect to Claim I, we agree with the Magistrate Judge that this claim was exhausted and that "some evidence" exists to support the DHO's conclusions. As noted by the Magistrate Judge, the cellular phone was found within Antonakeas' property in a cooler which had his nickname and prison number on it.

With respect to Claim II, we note that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)(citations omitted). Where a federal prisoner fails to exhaust his administrative remedies and procedural default renders the administrative process unavailable, "review of his habeas claim is barred unless he can demonstrate cause and prejudice." Id. at 761. In his administrative appeal, Antonakeas failed to allege that he was denied due process because the DHO was biased. He does not demonstrate cause and prejudice for his failure to raise this claim in his administrative appeal. Therefore, Claim II is unexhausted and procedurally defaulted.

For the foregoing reasons, Appellee's motion is granted as we will summarily affirm the District Court judgment denying Antonakeas' habeas petition. All other pending motions are denied.

4