

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2007

# Warwick v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2364

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Warwick v. Miner" (2007). *2007 Decisions*. Paper 80.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/80

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-35                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2364
_____

SELWIN WARWICK,

Appellant

v.

JONATHAN C. MINER,
Warden

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-02459)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 25, 2007

Before:  McKee, Rendell and Smith, <u>Circuit Judges</u>

(Opinion filed:  December 12, 2007 )
_____

OPINION
_____

PER CURIAM

Selwin Warwick, a federal prisoner, filed a petition pursuant to 28 U.S.C. § 2241,

challenging how the Bureau of Prisons calculated his sentence when it revoked his parole.

The District Court dismissed the petition for failure to exhaust administrative remedies. Warwick appeals. The Government submits a motion for summary affirmance.

We grant the Government's motion, and we will summarily affirm the District Court because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6.

Ordinarily, federal prisoners must exhaust available administrative remedies before filing a petition under 28 U.S.C. § 2241. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Warwick admitted, Petition 3-4, and the Government showed, Response to Petition, Ex. 2 37-39, that he never exhausted his administrative remedies.

Furthermore, the District Court properly rejected Warwick's claims that he was entitled to be excused from the exhaustion requirement. Warwick argued that the administrative review process was inordinately long. He based his claim on the length of time (approximately one month instead of the expected five days) it took for the prison to process an informal resolution that he had filed. However, Warwick need not have waited for a slow response beyond the allotted time periods. An inmate who does not receive a timely response may consider the absence of a decision a denial and take an appeal to the next highest level. See 28 C.F.R. §§ 542.15 & 542.18. Furthermore, Warwick had another avenue to challenge the revocation – an appeal to the National Appeals Board. See id. at § 2.26. The National Appeals Board would have been required to act within 60 days of the receipt of a challenge. See id. at § 2.26(c).

Warwick also made the bald claim that the administrative remedies "fail to afford a full and fair adjudication of the federal contentions raised." Petition 4. However, the

2

challenge to the calculation of his term is within the scope of matters that can be adjudicated in the Administrative Remedy Program or through the National Appeals Board. See 28 C.F.R §§ 542.10 & 2.26. Certainly, others have used the administrative processes to challenge parole decisions. See, e.g., United States ex rel. Farese v. Luther, 953 F.2d 49, 50 (3d Cir. 1992).

Lastly, Warwick contended that his advanced age and his wife's declining health together constituted an "exceptional circumstance of peculiar urgency." Although, in rare cases of peculiar urgency, a federal court may issue a writ of habeas corpus before a petitioner exhausts state remedies, see, e.g., United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 18-19 (1925), Warwick's situation is not analogous to the circumstances where such extraordinary action has been warranted. Warwick's is just a case of failure to exhaust administrative remedies. And neither his age nor his wife's health problems account for Warwick's inaction for the more than two years between the parole decision and the filing of his § 2241 petition.

In sum, the District Court properly dismissed Warwick's petition for failure to exhaust his administrative remedies. Accordingly, we grant the Government's motion for summary affirmance, and we will summarily affirm the District Court's judgment