**James LINDSAY, Appellant**

v.

**Troy WILLIAMSON, Warden.**

No. 07–3387.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to

Third Circuit LAR 27.4 and I.O.P. 10.6 March 6, 2008.

Filed: April 4, 2008.

---

James Lindsay, Lewisburg, PA, pro se.

Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for Appellee.

Before: McKEE, RENDELL and SMITH, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

James Lindsay filed a petition pursuant to 28 U.S.C. § 2241 to challenge the refusal of the Bureau of Prisons ("BOP") to transfer him from Lewisburg Federal Prison Camp to a Community Correctional Center ("CCC") or home confinement for the remainder of his sentence.[1] He attached a security classification form and complained that the BOP did not decrease his custody level or document the reasons why not, as he alleged it should have. In his petition, he claimed that exhaustion of his administrative remedies was futile. Before the petition had been served on the respondent, *see* Rule 4 foll. 28 U.S.C.

§ 2254, the Magistrate Judge recommended that Lindsay's petition be denied for failure to exhaust administrative remedies or, in the alternative, for lack of merit. Over Lindsay's objections, the District Court denied the petition for failure to exhaust. Lindsay appeals and requests the appointment of counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We will summarily affirm the District Court because no substantial issue is presented on appeal. *See* L.A.R. 27.4; I.O.P. 10.6.

Ordinarily, federal prisoners must exhaust available administrative remedies before filing a petition under 28 U.S.C. § 2241. *See Moscato v. Fed. Bureau of Prisons,* 98 F.3d 757, 760 (3d Cir.1996). In claiming exhaustion was futile, Lindsay admitted in his petition that he never exhausted his administrative remedies. Although he alleged in his petition that the BOP did not appropriately exercise its discretion and transfer him, he did not indicate that he even registered an informal complaint with prison officials, let alone followed all of the procedures available under 28 C.F.R. § 542.10 *et seq.*

Lindsay claimed that exhaustion was futile because the BOP cannot be "expected to follow other rules if they have already violated the current rules." However, his legal conclusion based on speculation is not enough to excuse his failure to exhaust his administrative remedies.

Citing *Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), in his objections, Lindsay also claimed that his petition should not be denied *sua sponte* because exhaustion is an affirmative defense, not a pleading requirement. As the District Court noted, *Jones* interpreted the Prison Litigation Reform Act, holding that "inmates are not required to specifically

1. His projected release date is May 14, 2011.

plead or demonstrate exhaustion in their complaints." 127 S.Ct. at 921. Lindsay proceeds under a different statute. Even if *Jones* applied here, the absence of a requirement to specifically plead exhaustion does not bar a *sua sponte* dismissal where a concession on the face of a petition exposes a bar to suit. *See Ray v. Kertes*, 285 F.3d 287, 293 n. 5 (3d Cir. 2002).

Because the District Court could determine from the face of Lindsay's petition that he did not exhaust his administrative remedies, a prerequisite to suit, the District Court properly dismissed Lindsay's petition. Accordingly, we will summarily affirm the District Court's judgment. Also, we deny Lindsay's motion for appointment of counsel.