

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-20-2008

# Armstrong v. Grondolsky

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1611

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Armstrong v. Grondolsky" (2008). *2008 Decisions.* Paper 637.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/637

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1611
_____

MARTIN A. ARMSTRONG,

                                    Appellant

v.

JEFF GRONDOLSKY, WARDEN; SCOTT DODRILL,
REGIONAL DIRECTOR BOP PHILADELPHIA

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. Civil No. 08-cv-00569)
District Judge:  Honorable Renee M. Bumb
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Pursuant to 28 U.S.C. § 1915(e)(2)(B) or for Summary Action Pursuant to Third
Circuit LAR 27.4 and I.O.P. 10.6
June 5, 2008

Before:   MCKEE, RENDELL AND SMITH, Circuit Judges

Opinion filed: August 20, 2008
_____

OPINION
_____

PER CURIAM

    Martin Armstrong, a federal prisoner proceeding pro se, appeals from an order of

the United States District Court for the District of New Jersey denying his motion to stay

the execution of his criminal sentence, or in the alternative, to grant bail, and his motion for immediate change in custody to home confinement. We will affirm the order of the District Court.

In 1999, the Securities and Exchange Commission and the Commodity Futures Trading Commission brought a civil securities fraud action against Armstrong. The United States District Court for the Southern District of New York held Armstrong in civil contempt for failing to turn over records and assets to a court-appointed receiver. In 2004, Armstrong filed a habeas petition challenging his confinement for civil contempt. The United States Court of Appeals for the Second Circuit affirmed the district court's denial of habeas relief. Armstrong v. Guccione, 470 F.3d 89 (2d Cir. 2006), cert. denied, 128 S. Ct. 486 (2007).

Armstrong was also criminally prosecuted for securities fraud. He pleaded guilty to conspiracy to defraud the United States. In 2007, Armstrong received a 60-month prison sentence, which would begin when the civil contempt matter was resolved. Before he was sentenced, Armstrong unsuccessfully sought a declaratory judgment and injunctive relief to credit the time he spent in jail for civil contempt against his criminal sentence.

Armstrong's civil contempt order was then vacated, and he began serving his criminal sentence in Fort Dix, New Jersey. In January 2008, he filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey

2

pursuant to 28 U.S.C. § 2241.  Armstrong claims, among other things, that he is entitled

to credit against his criminal sentence for the time he spent in prison for civil contempt,

that he was wrongfully confined for civil contempt, and that he was assaulted in prison

during his confinement for civil contempt.  Armstrong also filed various motions,

including a motion for a change in custody to home confinement, and a motion to stay the

execution of his criminal sentence, or, in the alternative, to grant bail, pending the

conclusion of the habeas proceedings.

The District Court found that the civil contempt order was vacated on April 27,

2007, and that Armstrong began serving his 60-month criminal sentence on that date.

Because Armstrong was no longer in custody for civil contempt, the District Court

dismissed Armstrong's habeas claims related to the civil contempt order.  The District

Court also dismissed Armstrong's claims for damages and injunctive relief under Bivens

v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388, 389 (1971),

explaining that, under the Prison Litigation Reform Act, Armstrong was required to

pursue his claims in a separate civil action.[1]

The District Court ordered Armstrong's present custodian, Warden Jeff

Grondolsky, to respond to Armstrong's allegation that he is entitled to receive credit

against his criminal sentence for the time spent in prison for civil contempt.  The District

_____

[1]The District Court also questioned whether the District of New Jersey was the proper
venue for civil claims arising out of Armstrong's confinement in New York for civil
contempt.

Court denied Armstrong's request for a writ of mandamus compelling such credit because Armstrong had an available remedy pursuant to § 2241. Finally, the District Court denied Armstrong's motions, including his motion for a change in custody to home confinement and his motion to stay the execution of the criminal sentence, or, alternatively, to grant bail pending the conclusion of his habeas proceedings.

Armstrong filed a notice of appeal limited to the District Court's denial of bail or an order staying the execution of his sentence, or a change in custody to home confinement. We have jurisdiction under the collateral order doctrine to review an order denying a motion for release on bail pending the resolution of a habeas petition. United States v. Smith, 835 F.2d 1048, 1049 (3d Cir. 1987). Similarly, we have jurisdiction to review the District Court's denial of a stay of execution of sentence and a change in custody to home confinement under the collateral order doctrine, as these rulings are also severable from the merits, conclusively determine the disputed question, and are effectively unreviewable on appeal from a final judgment. See id.

As recognized by the District Court, the standards governing stays of civil judgments guide courts in determining whether to release a federal prisoner seeking bail pending disposition of a habeas petition. Id. at 1050. These standards include the likelihood of success on the merits, irreparable injury, injury to other parties interested in the proceeding, and the public interest. Id. Armstrong did not make a "strong showing that he is likely to succeed on the merits." Id. Armstrong argued that he was wrongfully

4

held in civil contempt, and thus the Bureau of Prisons was required to credit his criminal sentence with the time he served for civil contempt. Armstrong's challenge to his confinement for civil contempt, however, was unsuccessful. The District Court did not err in denying Armstrong's motion to stay the execution of his criminal sentence or to grant bail.[2]

We also find no error in the District Court's denial of Armstrong's motion to change his custody to home confinement. Armstrong alleged that home confinement was necessary so that he could access documents relevant to his habeas petition, and so that he could obtain needed dental care. The District Court explained that the only remaining issue in the habeas proceeding was whether Armstrong is entitled to credit against his criminal sentence for the time he spent in prison for civil contempt. The District Court noted that this claim rests in large part upon issues of statutory construction, and that the Warden would be ordered to produce the relevant portions of the record. We also agree with the District Court that Armstrong may pursue a civil rights action to the extent he claims he is being deprived of dental care in violation of his Eighth Amendment rights. Armstrong further stated that home confinement would enable him to care for his elderly

_____

[2]A state prisoner seeking habeas relief must show extraordinary circumstances warranting bail. Landano v. Rafferty, 970 F.2d 1230, 1240 (3d Cir. 1992). In Landano, we noted that the standard applied in Smith was arguably more liberal toward release from custody than warranted. Id. at 1239 n.19. Because Armstrong does not satisfy the more liberal standard in Smith, we need not decide whether he was required to show extraordinary circumstances.

mother.  Home confinement is not warranted on this basis.[3]

Accordingly, because this appeal does not raise a substantial question, we will affirm the order of the District Court.[4]

_____

[3]Armstrong also appeals the denial of his motion for work release, which was contained in his motion for a stay of execution of his criminal sentence.  Although the District Court did not expressly address this motion in its opinion, Armstrong has not shown that he has a colorable claim of entitlement to work release.

[4]All of Armstrong's outstanding motions are denied.