

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-22-1996

# Moscato v. Fed Bureau Prisons

Precedential or Non-Precedential:

Docket 95-7065

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Moscato v. Fed Bureau Prisons" (1996). *1996 Decisions.* Paper 60.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/60

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


95-7065


PHILLIP B. MOSCATO  #08126-050

v.

FEDERAL BUREAU OF PRISONS;
L.S.C.I. ALLENWOOD

Phillip B. Moscato,

Appellant.


On Appeal from the United States District Court
For the Middle District of Pennsylvania
D.C. Civ. No. 94-cv-00551


Argued July 26, 1996

Before:  BECKER, STAPLETON, and MICHEL, Circuit Judges

(Opinion Filed October 22, 1996)


Howard J. Bashman (ARGUED)
Montgomery, McCracken,
Walker & Rhoads
Three Parkway - 20th Floor
Philadelphia, PA  19102

Attorney For Appellant


David M. Barasch
United States Attorney

Larry B. Selkowitz
Assistant U.S. Attorney
228 Walnut Street
P.O. Box 11754
Harrisburg, PA  17108
Henry J. Sadowski (ARGUED)
Deputy Regional Counsel
Federal Bureau of Prisons
Northeast Regional Office
U.S. Customs House – 7th Floor
2nd and Chestnut Streets
Philadelphia, PA  19106

Attorneys For Appellees


OPINION OF THE COURT


BECKER, Circuit Judge.

        Phillip Moscato, a federal prison inmate, filed this petition for habeas corpus relief in federal district court challenging the constitutionality of an institutional disciplinary hearing that resulted in certain adverse findings and the loss of his good-time credits.  Before reaching the district court, Moscato pursued his administrative remedies, but was barred from proceeding to the final level of administrative review because of his failure to file a timely appeal.  This appeal requires us to determine what effect such a procedural default has upon a federal prisoner's request for habeas corpus relief under 28 U.S.C. § 2241.  We hold that a prisoner's procedural default of his administrative remedies bars judicial review of his habeas petition unless he can show cause for the default and prejudice attributable thereto.  Because Moscato committed a procedural default of his administrative remedies by filing an untimely appeal and because he cannot show cause for the default, we are barred from review of the merits of his § 2241 petition.  Accordingly, we affirm the district court's dismissal of Moscato's petition, although we do so on different grounds.

I.

        On April 8, 1993, Moscato's unit at the Allenwood Federal Prison Camp was subjected to a shakedown.  According to Moscato, when he returned to his living area, he discovered that his possessions had been trampled and discarded on the floor.  Moscato grew angry and, although the nature of his behavior remains in dispute, all parties agree that officers soon removed Moscato to the Lieutenant's office and charged him with Engaging in or Encouraging Others in a Group Demonstration.  See 28 C.F.R. § 541.13 – Table 3 (Code 212) (1993).  That same night, Moscato was removed from the Federal Prison Camp and transported a few

miles away to administrative segregation at Low Security Correctional Institution ("LSCI") Allenwood.

On May 4, 1993, Moscato received a disciplinary hearing at LSCI Allenwood. Prior to the hearing, he requested that Correctional Officer David Ortiz and three inmates be called as witnesses on his behalf. The disciplinary hearing officer refused to call any of Moscato's witnesses, stating that Ortiz was an adverse witness whose testimony was already before the hearing officer as part of the investigative report, and that the inmate witnesses, imprisoned at a different site, were unavailable for testimony. In lieu of the inmates' oral testimony, the prison solicited from them brief statements that supported Moscato's recollection of the incident. At the hearing, Moscato read a statement on his own behalf and denied engaging in or encouraging a group demonstration. The hearing officer also reviewed statements from the five correctional officers who were present at the time of the incident. No other witnesses appeared for either side.

After reviewing all of the evidence, the hearing officer found Moscato guilty of Attempting to Engage in or Encouraging Others in a Group Demonstration, see 28 C.F.R. § 541.13(b) – Table 3 (Code 212A), rather than the substantive act itself. According to the disciplinary hearing report, the sanctions imposed included: (a) disciplinary confinement; (b) forfeiture of 45 days statutory good time; (c) withholding of 10 days statutory good time; and (d) termination of eligibility for camp good time effective April 8, 1993. The hearing officer also recommended that Moscato receive a disciplinary transfer. Prior to this incident, Moscato had 269 days of statutory good-time credit.

Moscato was informed of his right to appeal. It is not clear from the record whether he appealed first to the Warden. It is clear, however, that he filed a timely appeal to the Bureau of Prisons, Northeast Regional Director, seeking restoration of his good time credits and expungement of his incident report, and that, on June 29, 1993, the appeal was denied. Moscato attempted to appeal this decision to the Bureau's central office, the Office of General Counsel, but his appeal was not received until August 14, 1993, 16 days after the 30 day deadline. The General Counsel denied the appeal as untimely. Moscato submitted a second appeal to the General Counsel on October 12, 1993; it too was denied as untimely.

On April 14, 1994, Moscato filed an in forma pauperispetition requesting habeas corpus relief pursuant to 28 U.S.C. § 2241 on the grounds that the Bureau of Prisons had denied him due process at the disciplinary hearing and that the evidence was insufficient to support the hearing officer's determination of misconduct. Moscato initially requested a rehearing of his disciplinary charge and restoration of his good-time credits. The U.S. Attorney opposed the petition on the merits but also argued that Moscato's untimely appeal to the General Counsel barred judicial review of his petition for relief. In reply, Moscato asked that the decision of the hearing officer be reversed and that the incident report be expunged from his prison

record.

By consent of the parties, the case was submitted to a magistrate judge pursuant to 28 U.S.C. § 636(c). The magistrate judge dismissed the petition on the merits without discussing whether the claims were barred due to a procedural default. In rendering this decision, the magistrate judge noted that Wolff v. McDonnell, 418 U.S. 539 (1974), permitted the use of written statements in lieu of live testimony where the witnesses are "unavailable." The magistrate judge reasoned that because Moscato's witnesses were not imprisoned with Moscato at LSCI Allenwood, they were unavailable, and thus use of their written statements was not in error. The magistrate judge also held that due process did not require the hearing officer to call Officer Ortiz because Ortiz was an adverse witness who had submitted a memorandum describing the incident. See 28 C.F.R. § 541.17(c). Finally, the magistrate judge ruled that the evidence was sufficient to sustain a finding that Moscato had attempted to encourage a group demonstration. This timely appeal followed.


## II.

Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990); Sanchez v. Miller, 792 F.2d 694, 699 (7th Cir. 1986), cert. denied, 479 U.S. 1056 (1987). Here, however, we are presented with a situation where, because Moscato failed to timely file an appeal to the General Counsel, Moscato cannot complete the administrative process. The Bureau contends that, because Moscato's appeal was denied as untimely, he committed a procedural default that barred review of his § 2241 petition. We believe that Moscato's failure to satisfy the procedural rules of the Bureau's administrative process constitutes a procedural default. Francis v. Rison, 894 F.2d 353, 355 & n.2 (9th Cir. 1990); Sanchez, 792 F.2d at 697 (citingEngle v. Isaac, 456 U.S. 107, 124–25 & n.28 (1982)). We must therefore determine what the effect of such a default should be.

The Seventh Circuit, which is the one Court of Appeals to have considered this precise issue, has held that if a prisoner has failed to exhaust his administrative remedies due to a procedural default and the default renders unavailable the administrative process, review of his habeas claim is barred unless he can demonstrate cause and prejudice. Sanchez, 792 F.2d at 699. Because we believe that the preexisting law of procedural default and exhaustion of remedies renders the Seventh Circuit's decision inexorable, we endorse and adopt this holding.

The Supreme Court first articulated the cause and prejudice rule of procedural default in Davis v. United States, 411 U.S. 233 (1973). In Davis, a federal prisoner petitioning under § 2255 sought to challenge for the first time the composition of the grand jury that indicted him. The petitioner had failed to comply with Fed. R. Crim. P. 12, which required that a failure to object to the composition of a grand jury at

trial constituted a waiver of the objection absent "for cause shown."  The Supreme Court determined that review of the habeas petition was barred absent a showing of cause for the failure to comply with the procedural requirement and of actual prejudice resulting from the alleged constitutional violation.  411 U.S. at 243-45.

The Court later extended the rule of Davis to cases involving state and federal procedural rules that did not explicitly allow for an exception upon a showing for cause.  SeeFrancis v. Henderson, 425 U.S. 536, 542 (1976) (cause and effect showing required to waive default of state procedural requirement that a challenge to grand jury composition be raised before trial); Wainwright v. Sykes, 433 U.S. 85, 89 (1977) (federal habeas barred absent showing of cause and prejudice when prisoner waived, under state law, his objection to admission of his confession); United States v. Frady, 456 U.S. 152, 167-68 (1982) (applying cause and prejudice rule in a federal habeas action involving Fed. R. Crim. P. 30, which contained no explicit exception to requirement for timely challenge to jury instructions); Neely v. Zimmerman, 858 F.2d 144, 145 (3rd Cir. 1988) (failure to raise Massiah claim in post-verdict motion as required by state common law bars review of petitioner's habeas claim).

As the foregoing discussion indicates, a procedural default generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice, "whether the default occurs in federal or state court, at trial or on appeal, and whether or not the procedural rule expressly incorporates a cause-and-prejudice standard." Sanchez, 792 F.2d 698.  The courts enforce the cause and prejudice rule in part to conserve judicial resources by requiring state or federal prisoners who seek habeas relief to present their claims to the venue initially available. Id.; Engle, 456 U.S. at 126-29 (discussion of costs associated with habeas review).  For federal prisoners challenging disciplinary proceedings, the initial venue is the administrative process.  By applying the cause and prejudice rule to habeas review of administrative proceedings, we insure that prisoners do not circumvent the appropriate agencies and needlessly swamp the courts with petitions for relief.

We also believe that a procedural default in the administrative process bars judicial review because "the reasons for requiring that prisoners challenging disciplinary actions exhaust their administrative remedies are analogous to the reasons for requiring that they exhaust their judicial remedies before challenging their convictions; thus, the effect of a failure to exhaust in either context should be similar." Sanchez, 792 F.2d at 698.  We require exhaustion for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy. Bradshaw, 682 F.2d at 1052; see also Schlesinger v. Councilman, 420 U.S. 738, 756-57 (1975) (exhaustion avoids duplicative

proceedings and insures that judicial review will be informed and narrowed); McKart v. United States, 395 U.S. 185, 195 (1969) (circumvention of administrative process diminishes effectiveness of an agency by encouraging prisoners to ignore its procedures). Requiring petitioners to satisfy the procedural requirements of the administrative remedy process promotes each of these goals.

In sum, we hold that a federal prisoner who challenges a disciplinary proceeding within a federal institution, fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice.

### III.

The district court did not rule on whether Moscato could excuse his procedural default. Although we could remand for further proceedings, when we reviewed the supplemental briefing on the issue of cause, we were struck by the lack of suggestion that anything other than Moscato's dilatoriness caused the appeal to be filed late. Where, in the face of an explicit opportunity to do so, a petitioner fails to allege the existence of an external impediment, a remand for a hearing is unnecessary because there is no factual dispute to resolve. Cf. Wainwright, 433 U.S. at 91; Esslinger v. Davis, 44 F.3d 1515, 1528 n.45 (11th Cir. 1995); Sanchez, 792 F.2d at 699. Because Moscato cannot show cause, we need not address the question of actual prejudice. Caswell v. Ryan, 953 F.2d 853, 863 (3rd Cir.), cert. denied, 504 U.S. 944 (1992).

Accordingly, because Moscato committed a procedural default of his administrative remedies, and because he cannot show cause for the default, his habeas petition filed pursuant to 28 U.S.C. § 2241 is barred from review on the merits. The order of the magistrate judge dismissing the petition will therefore be affirmed.