OPINION OF THE COURT
PER CURIAM
Joseph Watkins appeals the District Court’s dismissal of a habeas corpus petition he filed pursuant to 28 U.S.C. § 2241. For the reasons given below we will affirm the order of the District Court.
I
Watkins was convicted in the District of Columbia of attempting to distribute heroin, for which he received a sentence of 5-15 years imprisonment. After a tortuous series of imprisonments, probation, escape, and probation violations and revocations, interrupted by an unrelated Maryland conviction,[1] in 2004 Watkins was transferred to Bannum Place, a Community Corrections Center in Washington, D.C. A fortnight later, Watkins was found with prohibited intoxicants, an infraction resulting in the forfeiture of 60 days of Statutory Good Time (SGT) and his return to Federal Correctional Institution Schuylkill (FCI Schuylkill). Five months later, Watkins was returned to Bannum Place, only to repeat the process: charged with use of drugs or drug items, he lost 400 days of SGT and was again returned to FCI Schuylkill. The United States Parole Commission ’ordered that Watkins’ Parole Effective Date be reset and scheduled a rescission hearing. As a result, his mandatory release date, taking into account available good time, was reset to March 30, 2007. (It has evidently since been recalculated and is now September 13, 2007.)
In December 2004, Watkins filed a section 2241 petition challenging the loss of SGT. The respondent in turn argued that the petition should be dismissed because Watkins had not exhausted available administrative remedies. Relying in part on cases applying the Prison Litigation Reform Act of 1995 (PLRA), Pub.L. No. 104-134, 110 Stat. 1321 (1996), the District Court agreed. The court noted that the Bureau of Prisons has established administrative remedy procedures, set forth at 28 C.F.R. §§ 542 et seq., and concluded that Watkins had not properly complied with them. In November 2004 Watkins filed a grievance which was denied on December 14, 2004. Watkins appealed this decision on January 10, 2005, but the appeal was denied as untimely. (Pursuant to 28 C.F.R. § 542.15, the appeal must be filed within 20 calendar days of the date the *253 Warden signed the response.) The Regional Director asked Watkins to provide evidence that the delay in filing the appeal was not his fault, but Watkins did not do so. Nor did he file a grievance with the Central Office.
Based on these facts, which Watkins did not dispute in any relevant way,[2] the District Court concluded that Watkins had not exhausted available administrative remedies and dismissed his petition. Watkins sought reconsideration and immediate release, also without success. This appeal followed.[3]
II
As we have explained, “[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241.” Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.1996) (emphasis added).[4] However, Watkins filed his section 2241 petition before he appealed the denial of his informal grievance. Thus, at the time he filed his petition he had not exhausted available administrative remedies, and they remained unexhausted throughout the pendency of his petition. (Moreover, while Watkins’ petition was pending, he filed an administrative appeal which was dismissed as untimely and never completed the administrative review process, which likely resulted in a procedural default. Id.) Watkins provides no reasons to question this conclusion, either in his filings in the District Court or in his brief and reply brief on appeal. Accordingly, we will affirm the order of the District Court.

. Because we write primarily for the parties, who are of course familiar with the facts of the case, we dispense with a detailed account of the factual background of this case and instead refer interested readers to the detailed summary provided by the District Court.

. Watkins argued in the District Court that he mailed the appeal on December 29, 2004, and that any delay is not his fault. Regardless of the fact that he does not appear to have so argued to the Regional Director, it makes no difference to the outcome of this appeal which date is correct because either way he did not exhaust administrative remedies before filing his section 2241 motion.

. We have jurisdiction under 28 U.S.C. § 1291. Our review of exhaustion issues is plenary. Whitney v. Horn, 280 F.3d 240, 249 (3d Cir.2002).

. We disagree with the District Court’s reasoning to the extent that it relied on the PLRA’s exhaustion requirements. As we have explained elsewhere, the PLRA does not apply to habeas corpus proceedings. See Booth v. Churner, 206 F.3d 289, 295 (3d Cir.2000); Santana v. United States, 98 F.3d 752, 756 (3d Cir.1996).