

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2008

# Frederick Hegney v. Karen Hogsten

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1589

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Frederick Hegney v. Karen Hogsten" (2008). *2008 Decisions.* Paper 703.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/703

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1589
_____

FREDERICK HEGNEY,
                            Appellant

v.

KAREN HOGSTEN, Warden, FCI Allenwood;
THOMAS MARINO

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 07-cv-0271
(Honorable Christopher C. Conner)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2008

Before: SCIRICA, Chief Judge, HARDIMAN and COWEN, Circuit Judges.

(Filed: August 6, 2008 )
_____

OPINION OF THE COURT
_____

PER CURIAM.

Appellant Frederick Hegney, a federal prisoner incarcerated at the Federal

Correctional Institution at Allenwood, White Deer, Pennsylvania, was arrested on

September 5, 1986, and indicted in United States District Court for the Southern District

of Florida at D.C. Crim. No. 86-cr-06122 on one count of Racketeer Influenced and Corrupt Organizations ("RICO") in violation of 18 U.S.C. § 1962(c), one count of conspiracy to commit RICO in violation of 18 U.S.C. § 1962(d), and three counts of distribution of cocaine in violation of 18 U.S.C. § 841(a)(1). While in jail he was indicted in the same court on, and a jury subsequently found him guilty of (at D.C. Crim. No. 87-cr-06120), possession of firearms by a convicted felon in violation of 18 U.S.C. § 1202(a)(1) (repealed).

On October 30, 1987, Hegney was sentenced in the Southern District of Florida to a two-year term of imprisonment on the weapons conviction. After a jury found him guilty on all five RICO counts, he was sentenced on October 31, 1989 (also in the Southern District of Florida) to a term of imprisonment of 20 years on the RICO count, a consecutive term of 20 years on the conspiracy count, a consecutive term of 10 years on the first distribution of cocaine count, and a concurrent term of imprisonment of 15 years on each of the remaining distribution of cocaine counts, for a total of 50 years imprisonment on the RICO counts.

The Bureau of Prisons awarded "prior custody credit" to Hegney as follows. The period from September 5, 1986 through October 29, 1987 was applied to his first sentence, the two-year weapons violation term. This period represented the time Hegney spent in custody from the date of his arrest to the day prior to his sentencing on the weapons conviction. With the calculation of statutory good time, this sentence expired on

2

April 13, 1988, but Hegney remained in custody pending disposition of the RICO charges. The BOP gave Hegney prior custody credit toward the RICO sentence for the period from April 13, 1988 through October 30, 1989, or the time he spent in custody from the expiration of his sentence on the weapons conviction to the day prior to his sentencing on the RICO convictions.

With the application of all available statutory good time, Hegney's projected release date from the RICO sentence is March 5, 2017. The United States Parole Commission conducted an initial parole hearing for Hegney on September 29, 1998. At that hearing, the Commission rated the severity of his offense at "8," and gave him a Salient Factor Score ("SFS") of "3," finding that the racketeering activity he had participated in as a member of the Outlaw Motorcycle Club included four murders and the attempted murder of a fifth individual who survived to testify against him. This yielded a parole guideline range of 180+ months. In a Notice of Action dated October 20, 1998, the Commission ordered that Hegney continue to serve to a 15 year reconsideration hearing in September 2013. This decision was affirmed on administrative appeal, with the National Appeals Board, on March 5, 1999, concluding that the SFS had been correctly calculated. Specifically, contrary to Hegney's assertions, he did not have a commitment-free period for three years prior to the current offense and he was on parole at the time of the offense.

The Commission conducted a statutory interim hearing for Hegney on August 17, 2005. Subsequent to this hearing, in a Notice of Action dated September 2, 2005, the Commission ordered no change in its previous order that Hegney continue to serve to a 15 year reconsideration hearing. Hegney did not administratively appeal this decision. Instead, he filed the instant petition for writ of habeas corpus, 28 U.S.C. § 2241, in United States District Court for the Middle District of Pennsylvania, alleging that the BOP improperly calculated his prior custody credit, and the Parole Commission improperly considered his involvement in the quadruple homicide and incorrectly calculated his SFS. He also appeared to contend that the *ex post facto* clause was violated by the Commission extending his incarceration beyond his guideline range. The government answered the petition, contending that the sentence calculation claim lacked merit and the severity rating claims against the Parole Commission were not exhausted due to Hegney's failure to appeal the Commission's decision based on the August 17, 2005 hearing to the National Appeals Board.

In an order entered on January 31, 2008, the District Court denied the first claim on the merits, and dismissed the Parole Commission/SFS and severity rating claims for failure to exhaust administrative remedies. As to the sentence calculation claim, the District Court reasoned that 18 U.S.C. § 3568 (repealed November 1, 1987) governed the calculation of federal sentences imposed for crimes committed prior to November 1, 1987, and that statute provided:

4

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

18 U.S.C. § 3568 (repealed). Pursuant to this statute, the BOP had promulgated Program Statement 5880.30, Sentence Computation Manual/Old Law, Chapter VI, Pages 3 and 4, which further provided that:

> (2) Pre-sentence time credit shall not be given for any time spent serving another sentence, either federal or non-federal, except that pre-sentence time credit and time spent serving a sentence that is vacated shall be creditable toward another sentence if the later sentence is based on the same charges that led to the prior, vacated sentence.

P.S. 5880.30. Hegney received credit on either the two-year weapons sentence or the 50-year RICO sentence for every day he was in *prior* custody, that is, since he was arrested on September 5, 1986. He was thus not entitled under the statute and the Program Statement to double credit on the RICO sentence.

With respect to the severity and SFS claims against the Parole Commission, the District Court agreed with the government that Hegney committed a procedural default that precluded consideration of the claims on the merits, see Moscato v. Fed. Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996), when he failed to appeal the Commission's decision relating to the August 17, 2005 hearing to the National Appeals Board. The court rejected Hegney's contention that his prior appeal sufficed to exhaust his administrative remedies, because more than five years had elapsed since the National Appeals Board had

5

reviewed his case. Moreover, Hegney could not show cause for his failure to timely appeal to the National Appeals Board.[1]

Hegney appeals. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's conclusion of law that Hegney could not be afforded any relief. See, e.g., Fowler v. U.S. Parole Comm'n, 94 F.3d 835, 837 (3d Cir. 1996); Barden v. Keohane, 921 F.2d 476, 479 (3d Cir. 1990). We find no basis for disagreeing with the District Court's conclusion that former 18 U.S.C. § 3568 and Program Statement 5880.30 prohibit the BOP from crediting a prisoner's sentence for time spent in custody that has already been credited to another federal sentence. The BOP's interpretation in Program Statement 5880.30 of former 18 U.S.C. § 3568 is consistent with the successor statute enacted by Congress, 18 U.S.C. § 3585(b), which expressly prohibits the double credit Hegney seeks, see United States v. Wilson, 503 U.S. 329, 337 (1992).

We also agree, after careful review of the record, that Hegney was required to appeal the Notice of Action relating to the August 17, 2005 interim hearing decision to the National Appeals Board, and having not done so, he failed to exhaust his administrative remedies regarding the SFS and severity rating as required before he may bring suit. See Moscato, 98 F.3d at 761. We conclude that the "benefits of exhaustion,"

---

[1]The District Court in the alternative reached the merits of the claims, issues we decline to address.

6

see Jones v. Bock, 549 U.S. 199, ___, 127 S. Ct. 910, 923 (2007), including allowing federal parole authorities to address complaints about the program they administer before being subject to suit, reducing litigation to the extent that complaints are satisfactorily resolved, and improving litigation when it occurs by creating a useful record for review, id., are best served by requiring Hegney to appeal an interim hearing decision that was issued more than six years after the initial hearing decision, and was based on a reconsideration of his arguments concerning the SFS and severity rating. His appeal to the National Appeals Board of the initial parole hearing decision does not constitute proper exhaustion of the interim parole hearing decision. See Woodford v. Ngo, 548 U.S. 81, 90 (2006).

Finally, we agree with the government that, because a category "8" offender has no upper limit on his parole guideline range, see Madonna v. U.S. Parole Comm'n, 900 F.2d 24, 26 (3d Cir. 1990), the *ex post facto* issue identified in Lyons v. Mendez, 303 F.3d 285, 288 n.5 & 292 (3d Cir. 2002) (addressing case of prisoner with guideline maximum of 148 months), has no application to Hegney.[2] His guideline range of 100+ months has no upper bound, and thus the Commission could not have logically "extended" that range, nor impermissibly relied on 18 U.S.C. § 4206 to postpone his parole date. Hegney's *ex post facto* argument has no merit.

We will affirm the District Court's order denying the habeas corpus petition.

_____

[2]The District Court did not address the *ex post facto* issue.

7