OPINION
PER CURIAM.
James Void, a federal prisoner proceeding pro se, appeals from the order of the United States District Court for the District of New Jersey denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenged his prison disciplinary hearing and resulting sanctions. For the following reasons, we will affirm.
Void is currently confined in the Federal Correctional Institution at Fort Dix, New Jersey (FCI-Fort Dix). On July 11, 2007, Void was called to the Security Office to provide a urine sample for drug testing. He was given two hours to provide the urine sample. Void did not urinate until fifteen minutes past the two-hour deadline. The officer refused the urine sample and *819 served Void with Incident Report No. 1618908, charging him with refusing to provide a urine sample in violation of Disciplinary Code Section 110. Void received a written notice of his rights on July 12, 2007. The incident report was referred to prison Disciplinary Hearing Officer Boyce (“DHO”), who held a hearing on July 17, 2007. At the hearing, Void confirmed that he understood his rights and he declined the assistance of a staff representative. He denied the charge, explaining that “I could not provide the sample with in two hours. I did give a sample fifteen minutes past the time limit, but they would not take it. I had a urine sample in October, 2006. I have documented evidence that I had a previous injury that prohibited me from urinating, but it is not in my file.” Void did not present any witnesses or other evidence in support of his case. Following the hearing, the DHO issued a written decision finding Void guilty of the charged offense. The DHO subsequently imposed the following sanctions: disallowance of forty days of good conduct time; sixty days of disciplinary segregation; and a 180-day loss of visiting privileges.
On March 18, 2008, Void filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his due process rights had been violated during the disciplinary process.[1] Specifically, Void claimed that: (1) the charging officer discriminated against him because he was black by not accepting his urine; (2) the charging officer failed to follow BOP Program Statement 6060.08 (“Urine Surveillance and Narcotic Identification”), which allows staff to extend the two-hour limit if warranted by specific situations; (8) contrary to the finding of the Regional Director, he did in fact advise the officer on July 11, 2007, that he had a medical problem that made it difficult for him to urinate; (4) and his due process rights were seriously violated when he was punished with the loss of forty days in good time credits “for being fifteen minutes late with a urine sample.” (Memorandum in support of § 2241 petition, at 4). By order entered May 30, 2008, 2008 WL 2237026, the District Court summarily dismissed the petition. Void filed a motion for reconsideration to which he attached a prison medical record report dated June 4, 2008, indicating that he had had a biopsy of his prostate in December 2007, and that his provisional diagnosis on June 4, 2008, was “prostatic obstruction.” The District Court denied reconsideration, ruling that the recently acquired medical record did not alter the court’s opinion that Void was afforded all the process he was due under Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The District Court noted that Void had admitted at the hearing that his urine sample was late and that his record contained no documentary evidence of his medical condition. Void now appeals from the District Court’s orders.
We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We review a District Court’s denial of habeas corpus relief de novo. Marshall v. Hendricks, 307 F.3d 36, 50 (3d Cir.2002). We review the District Court’s factual findings for clear error. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir.2002).
It is well established that “prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply.” Wolff, 418 U.S. at 556, 94 S.Ct. 2963. The Supreme Court has, how *820 ever, recognized a set of minimum procedural protections that must apply to prison disciplinary proceedings when, as in this case, a prisoner’s good-time credit is at stake.[2] Id. Specifically, when good-time credit is at stake, a prisoner is entitled to: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety or correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Id. at 563-67, 94 S.Ct. 2963. “Revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record.” Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (internal quotation and citation omitted). The “some evidence” standard is a quite deferential one. It does not require examination of the entire record, independent assessment of the credibility of witnesses or the weighing of evidence. Id. at 455-56, 105 S.Ct. 2768. The court need only consider whether there was any evidence in the record that could support the conclusion reached by the prison disciplinary deci-sionmaker. Id.
Upon review, we agree with the District Court that Void received all the process he was due during the disciplinary proceedings. The record reveals that Void was given 24 hours’ notice of the charges against him in accordance with 28 C.F.R. § 541.17(a); that he was provided the opportunity to call witnesses and present documentary evidence in his defense; and that he was issued a written decision setting forth the evidence relied on, and reasons for, the disciplinary action. See Wolff, 418 U.S. at 563-67, 94 S.Ct. 2963.
Furthermore, although the evidence of willfulness was spare and the penalty rather severe under the circumstances, we are constrained to conclude that the DHO’s findings wei'e supported by “some” evidence in the record. The DHO based the guilty finding on the charging officer’s report and on Void’s admission that he did not provide a sample with the two hour deadline, that he provided one fifteen minutes later, and that the officer would not take it, as corroborating the officer’s report. We agree with the District Court that this evidence meets the minimal requirements imposed by the Due Process Clause.[3] See Hill, 472 U.S. at 454, 105 S.Ct. 2768.
As for Void’s contention that the prison failed to follow BOP Program Statement 6060.08 (“Urine Surveillance and Narcotic Identification”), the BOP Program Statement permits extensions of time to provide a urine sample in specific circumstances, including, inter alia, when the inmate has a documented medical condition. Here, there was no documentation *821 of Void’s medical condition in his prison record at the time he was asked to give a urine sample or at the time of his disciplinary hearing. The record does not support Void’s contention that he told the charging officer about his medical condition. The Regional Director noted that there was no indication in the hearing record that Void told the charging officer of his medical condition. (See Appeal Response of Regional Director Dodrill, at 2.). In his Central Office Administrative Remedy Appeal, Void claimed only that “he requested to be placed in a secure, dry room until his nerves calm down enough to urinate.” (See Void’s Administrative Appeal dated October 23, 2007, at 1).
The District Court properly denied Void’s motion for reconsideration. See Max’s Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir.1999) (abuse of discretion standard).
Accordingly, we will affirm the District Court’s order denying Void’s petition for writ of habeas corpus.

. With an exception noted below, Void exhausted his administrative remedies before initiating the present action.

. While the Due Process Clause protects against the revocation of good-time credit, it does not provide the same level of protection against the other forms of discipline that Void received. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir.2002) (citing Sandin v. Conner, 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).

. Void failed to properly exhaust his race-based disciplinary claim through the appropriate prison channels. A federal prisoner must exhaust his administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.1996). Proper exhaustion requires that a petitioner assert an issue or claim at every administrative level. Id. at 761. Here, Void did not raise the issue of the charging officer's alleged race-based discriminatory behavior in his administrative appeals and he would be foreclosed from doing so now. Hence, his claim was properly dismissed.