**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1388
_____

MICHAEL VALLES,
                              Appellant

v.

WILLIAMS SCISM,
Warden at FCI Allenwood;
LT. R. JOHNSON, at FPC Lewisburg;
TODD W. CERNEY, DHO at F.C.I. Allenwood;
U.S. ATTORNEY PETER J. SMITH
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-10-cv-02620)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2011

Before:  AMBRO, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 1, 2011)
_____

OPINION
_____

PER CURIAM

      Michael Valles, a federal prisoner proceeding *pro se,* appeals the District Court's

dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the

following reasons, we will affirm.

On May 29, 2010, officers at the Federal Prison Camp in Lewisburg, Pennsylvania were alerted to an apparent escape attempt. They conducted an emergency count at approximately 10:30 p.m. and discovered that Valles was missing. He was eventually found in a field near the camp's boundary. Another prisoner found nearby admitted to the guards that he had been off prison grounds.

Valles received an incident report for the offense of "Conduct Which Disrupts or Interferes with the Security or Orderly Running of the Institution or the Bureau of Prisons (Escape from Unescorted Community Programs and Activities and Open Institutions and from Outside Secure Institutions – without Violence)." After a hearing on July 15, 2010, Valles was sanctioned by a Disciplinary Hearing Officer ("DHO") with the loss of 27 days of good conduct time, 30 days' disciplinary segregation, 12 months' loss of phone and visitation privileges and a disciplinary transfer.

Valles twice sought administrative review of the DHO's sanctions. His first attempt was "rejected for not filing the proper amount of continuation pages/number of copies." Valles v. Schism, No. 1:10-CV-2620, 2011 WL 318094, at *1 (M.D. Pa. Jan. 31, 2011). Valles' second attempt was accepted as properly filed; however, his final administrative appeal of the grievance was dismissed as untimely because it was filed approximately two weeks out of time. Id.

Valles then filed the instant § 2241 petition, arguing that he should have been sanctioned for the lesser charge of being "out of bounds." The District Court dismissed his petition for failure to exhaust available administrative remedies, and denied Valles' subsequent motion to reconsider. He has timely appealed.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of the District Court's legal conclusions is plenary. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000). We review the denial of a motion for reconsideration for abuse of discretion. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

Federal prisoners are ordinarily required to exhaust available administrative remedies before seeking relief under § 2241. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). In order to exhaust, petitioners must satisfy the procedural requirements of the administrative remedy process. Id. at 761-62. Here, Valles has twice pursued administrative remedies and failed each time to comply with required procedures. His first attempt failed because Valles did not comply with the BOP's filing requirements, the second because he appealed out of time. As he did not comply with the procedural requirements of the administrative remedy process, Valles' claims were unexhausted. See id.

Accordingly, the District Court properly dismissed his petition[1] and denied his motion for reconsideration. We shall therefore affirm the judgment of the District Court. Valles' motion for leave to amend is denied.

---

[1] Valles argues on appeal that the exhaustion requirement should have been waived in this matter because he challenges the validity of the regulations rather than their application. Valles cites Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), in support of this contention. However, his filings in the District Court indicate that he is challenging the manner in which that process was applied to him and cannot be construed as raising a challenge to the validity of the BOP regulations.