**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3173
_____

JOSE CRISTOBAL CARDONA,

Appellant

v.

WARDEN LEWISBURG
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 12-cv-00753)
District Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2014

Before: FUENTES, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed: January 14, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Jose Cardona appeals from an order of the District Court denying his

habeas corpus petition. For the reasons that follow, we will affirm.

1

Cardona, a federal prisoner, committed a misconduct at his institution and was adjudicated guilty following a disciplinary hearing. A sanction was imposed on him that included the loss of 27 days of good conduct time. Cardona filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania, seeking restoration of his good conduct time. Cardona challenged the procedures used to adjudicate him guilty, and he challenged the result itself as lacking in evidentiary support. In particular, Cardona challenged the impartiality of those who brought and adjudicated the charges. He argued that his staff representative failed to meet with him, and that the hearing officer was not impartial. In addition to including the Disciplinary Hearing Report as an exhibit to his petition, Cardona attached two incident reports to his petition, Exhibits 4 and 5.

In Exhibit 4 to the petition, an incident report on misconduct # 2180381 that was purportedly prepared on June 30, 2011, Correctional Officer Donald Johnson charged Cardona with refusing programs and refusing an order, in violation of Codes 306 and 307. In his description of the incident, Officer Johnson stated that he was helping to escort an inmate to cell 319. Cardona was ordered to "cuff up" and he refused, stating, "I'm not going to cuff up, and I'm not talking about it." In Exhibit 5, an incident report on misconduct # 2180781 purportedly prepared and delivered on July 1, 2011 but describing an incident that occurred on June 30, 2011, Officer Johnson charged Cardona with threatening, in violation of Code 203. In his description of the incident, Officer Johnson stated that, when he tried to cuff Cardona, in order to place an inmate into his cell, Cardona said, "If you put him in here I will fuck him up." Johnson stated that he

2

again ordered Cardona to cuff up, and Cardona replied, "I will fuck him up and the team. I'm done talking."

The Bureau of Prisons answered the petition, calling the District Court's attention to the incident report on misconduct # 2180781 only, wherein Officer Johnson charged Cardona with threatening, in violation of Code 203; the thorough and well-reasoned Disciplinary Hearing Report; and the legal standards applicable to Cardona's petition. Cardona then submitted a reply brief, in which he complained that the administrative record submitted to the court by the BOP was incomplete, see Reply Brief, at 1-2, and that the incident report on misconduct # 2180781, wherein Officer Johnson charged him with threatening, was fabricated. Cardona argued that the description of the June 30, 2011 incident contained in Exhibit 4 was accurate, in that he merely refused an order to cuff up and double cell and did not threaten anyone. Cardona argued that the inconsistent descriptions of the incident contained in his Exhibits 4 and 5 were persuasive evidence that the threat charge was fabricated by prison officials. See id. at 2, 7. In addition, he emphasized that Officer Weaver gave a statement that he did not hear Cardona threaten anyone, see id. at 3, and he argued that the hearing officer "went out of his way to locate a surprise witness Officer B. Zimmerman to introduce false testimony," id. at 8.

The Magistrate Judge recommended denying the habeas corpus petition, concluding that the procedures set forth in the applicable federal regulations meet the requirements for procedural due process in prison disciplinary proceedings set forth by the United States Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Moreover, Cardona unquestionably received all of his procedural due process rights. His

3

criticism that prison staff were not impartial was not supported by any evidence and was insufficient to show a violation of due process. With respect to Cardona's challenge to the substance of the hearing officer's decision, the Magistrate Judge concluded that there was "some evidence" in the record, see Superintendent v. Hill, 472 U.S. 445, 454-56 (1985), to support the conclusion that Cardona uttered a threat, citing the statements of the reporting officer, Officer Johnson, and another eyewitness, Officer Zimmerman. The Magistrate Judge did not specifically address Cardona's arguments concerning an incomplete administrative record and his Exhibit 4. Cardona then submitted Objections. In an order entered on June 27, 2013, the District Court overruled Cardona's objections, adopted the Magistrate Judge's Report and Recommendation, and denied the habeas corpus petition.

Cardona appeals. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Cardona contends in his Informal Brief that the evidence that he uttered a threat was insufficient, that the procedures used to obtain the adjudication of guilt were flawed, that the administrative record was incomplete, that documents were falsified, and he also referred us to his Objection Nos. 2 and 3. In Objection No. 2, Cardona argued that his Exhibit 4 was proof that he did not utter a threat and that the incident report concerning misconduct # 2080781 was fabricated; and in Objection No. 3, he argued that the hearing officer was lying about Officer Zimmerman's corroborating statement.

We will affirm. A claim of loss of good conduct time sounds in habeas corpus because the loss would affect the duration of the inmate's sentence, Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Accordingly, the District Court had

4

jurisdiction to address Cardona's petition. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000). The BOP, through the Declaration of L. Cunningham, stated that Cardona had exhausted his available administrative remedies.

According to the incident report on misconduct # 2180781 that was submitted as part of the administrative record, Cardona was charged by Officer Johnson with threatening, in violation of Code 203. In his description of the incident, Officer Johnson stated that, when he tried to cuff Cardona, in order to place an inmate into his cell, Cardona said, "If you put him in here I will fuck him up." The incident occurred on June 30, 2011. The item submitted by the BOP thus corresponds to Cardona's Exhibit 5. This incident report goes on to reveal that, on July 1, 2011, an investigating lieutenant met with Cardona and provided him with a copy of the incident report which charged him with threatening. After documenting Cardona's denial of the charge, the lieutenant referred the matter to the Unit Disciplinary Committee ("UDC") for an initial hearing.

The administrative record submitted by the BOP further shows that, at the UDC proceeding, Cardona was provided with a Notice of Discipline Hearing and Inmate Rights at Discipline Hearing form, and that the charge of threatening was referred to the hearing officer for a final hearing. The Notice of Discipline Hearing reflects that Cardona asked for a staff representative, and asked for two witnesses, Officers Zimmerman and Weaver. These officers eventually gave written statements.

5

Cardona's disciplinary hearing was conducted on August 15, 2011. The hearing report shows that the hearing officer advised Cardona of his rights in connection with the proceeding and that Cardona indicated that he understood these rights. The report states that Cardona presented no documents at the hearing, and that he had asked his staff representative to obtain statements from Officers Weaver and Zimmerman, and also his former cellmate (who, as it turned out, had no relevant information to offer). The report states that Cardona made a statement on his own behalf. He stated that he refused on June 30, 2011 to cell with another inmate and to "cuff up," but he did not threaten anyone. He accused prison officials of fabricating the charge in retaliation for one of his lawsuits against them. The hearing officer then reviewed with Cardona the statements of his two witnesses, including Officer Zimmerman's statement that he heard Cardona utter the threat and Officer Weaver's statement that he did not hear Cardona utter the threat. In response to hearing that his own witness (Officer Zimmerman) did not support his version of the events, Cardona argued that Officer Zimmerman and Officer Weaver left the scene at the same time; if Officer Weaver did not hear the threat, then Officer Zimmerman necessarily was lying about hearing a threat. The hearing officer then reminded Cardona that both Officers Weaver and Zimmerman stated that Officer Zimmerman remained in front of Cardona's cell door with the reporting officer, Officer Johnson, *after* Officer Weaver departed the area. Therefore, he could have heard something that Officer Weaver did not hear. According to the hearing report, Cardona then admitted that Officer Zimmerman remained at his cell door with Officer Johnson

6

throughout the entire incident. Cardona would not give in, however, and argued instead that no one could have heard him threaten anyone because the range fans are so noisy.

Upon consideration of all of the evidence, the hearing officer determined that Cardona had committed the prohibited act of threatening another. In reaching this decision, the hearing officer documented the specific evidence he relied upon, explaining that his decision was based on witness statements, including the statement of Officer Zimmerman who confirmed Officer Johnson's contention in the incident report relating to misconduct # 2180781 that Cardona uttered a threat. The hearing officer discounted Cardona's claim of fabrication, and found that there was no material inconsistency between the statements of Officers Johnson and Zimmerman, on the one hand, who heard Cardona utter a threat, and Officer Weaver, on the other hand, who did not hear a threat, because Officer Weaver had departed the scene early on. The hearing officer discounted Cardona's denial of the threat charge on the basis that it was not credible, noting that Cardona had given inconsistent and contradictory testimony at his hearing regarding how long Officer Zimmerman remained in front of his cell.

We have carefully reviewed all of the exhibits submitted by the BOP and Cardona, and conclude that there is no plausible argument to be made that Cardona's procedural due process rights were violated in any way. For the reasons given by the Magistrate Judge, Cardona received all of the process due him under the regulations, 28 C.F.R. §§ 541.5-541.8, and Wolff, 418 U.S. 539.[1] The administrative record establishes that

---

[1] Wolff requires 24-hour advance written notice of the disciplinary charges, the opportunity when consistent with institutional and correctional goals to call witnesses and

Cardona made full and complete use of his procedural due process rights. As explained by the Magistrate Judge, due process also requires that a prison disciplinary tribunal be sufficiently impartial, Meyers v Aldredge, 492 F.2d 296, 305-07 (3d Cir. 1974), but no due process violation was made out here because Cardona's contentions that his staff representative did not assist him and acted in bad faith, and that the hearing officer lied about the evidence and was not impartial, had no evidentiary support.

Turning to the adjudication of guilt itself, we note that a prison disciplinary determination comports with due process if it is based on "some evidence" in the record. Hill, 472 U.S. at 454-56. This standard is minimal. It does not require a reviewing court to exam the entire record, independently assess the credibility of witnesses, or even weigh the evidence. See id. at 455; Thompson v. Owens, 889 F.2d 500, 501-02 (3d Cir. 1989). Once the reviewing court determines that there is some evidence in the record to support the finding of the hearing officer, an inmate's challenge to the weighing of the evidence must be rejected. Cf. at 502 ("Positive urinalysis results based on samples that officials claim to be appellant's constitute some evidence of appellant's drug use. A chain of custody requirement would be nothing more or less than an 'independent assessment' into the reliability of the evidence, and *Hill* tells us, explicitly, that such a 'credibility' determination is not required."). In Cardona's case, two eyewitnesses, Officers Johnson and Zimmerman, stated that they heard him utter a threat. That evidence satisfies Hill, particularly in view of the fact that Officer Zimmerman was

---

present documentary evidence, assistance in complex cases, and a written statement from the factfinder as to the evidence relied on and the reasons for the disciplinary action. See id. at 563-67.

Cardona's own witness, and Cardona admitted at his hearing that Officer Zimmerman remained at his cell door with Officer Johnson throughout the entire incident.

We do not think that Cardona's Exhibit 4 is the "smoking gun" he thinks it is. We doubt seriously that any claim related to Exhibit 4 is exhausted, because the administrative record gives no indication that Cardona tried to introduce this exhibit at his disciplinary hearing, or argue that Officer Johnson gave a prior inconsistent statement regarding the events of June 30, 2011 as reflected in Exhibit 4. Federal prisoners are required to exhaust their administrative remedies *completely* prior to filing a petition for a writ of habeas corpus. Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir.1996). Moreover, Cardona made no effort to establish the authenticity of his Exhibit 4, which contains a different misconduct number than the one at issue in this case; and he originally claimed that "Lt. R. Miller" and not Officer Johnson was responsible for charging him with the misconduct at issue in Exhibit 4, see Petition, at 5-6, and offered no explanation for having done so. In any event, Hill prevents us from independently assessing Officer Johnson's credibility. 472 U.S. at 455.

For the foregoing reasons, we will affirm the order of the District Court denying Cardona's habeas corpus petition.