CLD-098                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3179
_____

JEREMY V. PINSON,
                              Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 1-16-cv-01256)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 11, 2018

Before:  CHAGARES, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion filed: February 9, 2018)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Jeremy Pinson, proceeding in forma pauperis, appeals from the

District Court's dismissal of her[1] petition for a writ of habeas corpus pursuant to 28

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1]  Because Pinson has referred to herself using feminine pronouns throughout this

U.S.C. § 2241. For the reasons that follow, we will summarily affirm the District Court's judgment.

Because we write primarily for the parties, we will only recite the facts necessary for our discussion. Pinson is a federal inmate who is presently incarcerated at the Federal Medical Center in Rochester, Minnesota. Pinson brought a habeas petition alleging that her due process rights were violated during the course of prison disciplinary hearings that resulted in a disallowance of good conduct time and forfeiture of non-vested good conduct time.

Pinson was charged with violating a series of Bureau of Prisons regulations arising out of four incidents in October 2015. After disciplinary hearings were held, Pinson was found responsible for the incidents and was sanctioned. She appealed those decisions to the Bureau of Prisons' North Central Regional Office in January 2016, and in March 2016, all four incident reports were remanded for rehearings due to a procedural error.

Four new disciplinary hearings about Pinson's October 2015 incidents were held in June 2016, at which Pinson was again found responsible. Her sanctions were reinstated. That same month, Pinson filed her petition for a writ of habeas corpus in the District Court seeking to have the incident reports expunged and challenging the imposed sanctions.

The District Court denied Pinson's petition on September 13, 2017. It concluded that Pinson had failed to properly exhaust her administrative remedies because she had not appealed any of the sanctions she received as a result of the 2016 hearings. Pinson timely appealed that decision and has filed motions to expand the record and for

litigation, we will follow her example.

appointment of counsel.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Summary affirmance is proper when "it clearly appears that no substantial question is presented." 3d Cir. I.O.P. 10.6.

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). To properly exhaust a claim, a federal inmate must first attempt informal resolution of her complaint with staff and, if dissatisfied, she must submit a formal written request for an administrative remedy to a designated staff member. 28 C.F.R. §§ 542.13-542.14. An inmate may then appeal that response to the appropriate Regional Director. Id. § 542.15. Finally, an inmate may appeal the Regional Director's decision to the General Counsel in the Central Office. Id. § 542.15(a).

In this case, Pinson did appeal from the initial 2015 disciplinary hearings in which she contends that her due process rights were violated. The Regional Director recognized that procedural errors had taken place at her hearings for all four incidents and returned the incident reports to a Disciplinary Hearing Officer for reconsideration. Four new hearings were held, and the sanctions against her were reinstated.

Pinson concedes that she did not appeal the reinstatement of sanctions against her. In the District Court, she contended that the Disciplinary Hearing Officer advised her that she could not appeal the reinstated sanctions. We have held that the administrative

3

exhaustion requirement may be excused where the purposes of exhaustion would not be served or where an attempt to obtain relief would be futile. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005). As the District Court noted, all four rehearing reports state that Pinson had the right to appeal the sanctions imposed against her within 20 days. She does not contest that she received a copy of each hearing report, and provides no argument about exhaustion on appeal. There is no basis for excusing her failure to appeal the imposed sanctions. Thus, the District Court correctly dismissed Pinson's petition because she failed to exhaust her administrative remedies.[2] Because Pinson's appeal fails to present a substantial question, we will summarily affirm the District Court's September 13, 2017 order. Pinson's pending motions are denied.[3]

---

[2] Even if we were to review the merits of Pinson's petition, she focuses her allegations on her initial 2015 hearings rather than on the 2016 rehearings at which sanctions against her were actually imposed. She does not make any specific allegations explaining how any of her constitutional or federal rights were violated at the 2016 hearings, as she must to state a claim for habeas relief. See 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States.").

[3] In her motion to supplement the record, Pinson includes psychological evaluations from several incidents that occurred in 2014 and 2016 to support her argument that she was not responsible for the incidents that occurred in 2015. See Appellant's Motion to Expand the Record at ECF p. 6-12. Even if her present claims had been properly exhausted, there is no need to expand the record to include these documents as they involve separate incidents that were not at issue at her hearings.

4