**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1202
_____

HUGH MAURICE ALLEN WADE,
Appellant

v.

WARDEN FAIRTON FCI;
UNITED STATES PAROLE COMMISSION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 1:15-cv-08925)
District Judge: Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2019
Before:  MCKEE, COWEN and RENDELL, Circuit Judges

(Opinion filed: July 12, 2019)
_____

OPINION[*]
_____

PER CURIAM

 Hugh Maurice Allen Wade is a federal inmate currently hospitalized at the Federal

Medical Center in Rochester, Minnesota ("FMC-Rochester").  His criminal history

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

includes federal convictions in 1979 and 1980 for heroin distribution and robbery, and Maryland convictions in 1990, 1995, 2003, and 2005 for counterfeiting and related offenses. Wade committed the conduct underlying the 2003 and 2005 convictions after being released on parole in 1999.

In an April 2015 decision, the United States Parole Commission ("the Commission") determined that Wade violated his parole as a result of his most recent criminal conduct. Rather than set a parole eligibility date, the Commission deemed it appropriate for Wade to serve out the remainder of his sentence. The Commission cited Wade's "history of repetitive sophisticated criminal behavior involving fraud, identity theft, and . . . counterfeit business payroll checks," as well as the demonstrated failure of "prior lengthy prison terms" to deter him from committing new crimes. ECF 7-4 at 39.

Wade filed in the United States District Court for the District of New Jersey[1] a habeas petition under 28 U.S.C. § 2241, challenging various aspects of the Commission's April 2015 decision. The District Court entered an order denying Wade's petition. The District Court concluded that two of Wade's twelve claims for relief are unexhausted, and that the others are without merit. Wade appealed the order denying his habeas petition.

Thereafter, Wade filed both a motion for reconsideration in the District Court based on "new information," and a motion in this Court to stay his appeal pending a decision by the District Court on the motion for reconsideration. This Court granted the

---

[1] When he filed his petition, Wade was confined at FCI-Fairton in New Jersey. The District Court thus properly exercised jurisdiction in this case. Cf. Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004); Barden v. Keohane, 921 F.2d 476, 477 n.1 (3d Cir. 1990).

motion to stay the appeal, and specifically advised Wade that "[a]ny party who wishes to appeal the order disposing of the motion for reconsideration must file a new notice of appeal in the District Court."

Wade's motion for reconsideration was based on perceived discrimination against inmates serving "old law" sentences[2] who seek "compassionate release" under 18 U.S.C. § 4205(g).[3]  As proof of discrimination, Wade attached a letter dated January 11, 2017, from the Warden of FMC-Rochester, denying Wade's request for compassionate release.

The District Court entered an order denying reconsideration.  Wade did not appeal that order.  Accordingly, we have jurisdiction—under 28 U.S.C. §§ 1291 and 2253(a)— to review only the District Court's order denying the habeas petition. Cf. Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed

---

[2] Section 3568 of Title 18 governed 'credit for time served' determinations regarding sentences imposed from 1966 until November 1, 1987, when the Sentencing Reform Act of 1984 ("SRA"), 18 U.S.C. § 3551 et seq., went into effect and abolished federal parole on a prospective basis. See United States v. Wilson, 503 U.S. 329, 331-32 (1992).  Such pre-SRA sentences are referred to as "old law" sentences, while sentences imposed following the effective date of the SRA are referred to as "new law" sentences.

[3] Section 4205(g) is the original compassionate release statute, through which the Bureau of Prisons ("BOP") can initiate compassionate release proceedings "in particularly meritorious or unusual circumstances which could not reasonably have been foreseen" at the time of sentencing. 28 C.F.R. § 571.61(a).  Section 4205(g) applies to inmates serving "old law" sentences.  Inmates serving "new law" sentences must avail themselves of the SRA-created 18 U.S.C. § 3582(c)(1)(A), which similar to § 4205(g) provides that a sentencing court may on motion by the BOP reduce an inmate's sentence if "extraordinary and compelling reasons warrant such a reduction."  Notably, section 4(c) of BOP Program Statement 5050.49 provides that an inmate like Wade, who is serving an "old law" sentence and is at least 65 years old, may be considered for compassionate release if he has "served the greater of 10 years or 75% of [his prison] term."

3

in Rule 4(a)(4)(A) . . . must file a notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.").

Wade, however, arguably addresses in his opening brief only the compassionate release issue as it applies to the Warden's January 11, 2017 letter that he pressed in his motion for reconsideration.[4]  Again, Wade did not appeal the District Court's order denying reconsideration.  We thus do not review the compassionate release issue to the extent it is based on evidence—the January 11, 2017 letter—that post-dates the District Court's order denying Wade's habeas petition. See Carrascosa v. McGuire, 520 F.3d 249, 254 (3d Cir. 2008) (where no amended notice of appeal is timely filed, Court lacks jurisdiction to review "arguments raised for the first time" in motion for reconsideration).

To the extent that Wade's brief on appeal can be liberally construed to advance a more generalized claim about the BOP's allegedly discriminatory efforts to hold "old law" inmates to a heightened burden for compassionate release, such a claim was raised in Wade's habeas petition, and was considered by the District Court in its order denying the petition.  The District Court determined that that claim should be dismissed without prejudice for failure to exhaust administrative remedies.

Wade appears to concede that he did not exhaust, per the procedures set forth at 28

---

[4] We directed the parties to brief two issues specific to the Commission's calculation of Wade's re-parole guidelines range.  Wade chose not to address either issue in his opening brief.  And he did not file a reply brief after the Government addressed those issues in its response brief.  We are not convinced that there are circumstances in this case sufficient to excuse Wade's waiver. See Republic of the Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 71 n.5 (3d Cir. 1994); Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993); see also Fed. R. App. P. 28(a).

C.F.R. §§ 542.10-.18, his claim that the BOP discriminated against him based on his status as an "old law" inmate. <u>See, e.g.</u>, Br. at 4. In any event, he has not identified on appeal any error by the District Court in the disposition of this claim. <u>See</u> <u>Moscato v. Fed. Bureau of Prisons</u>, 98 F.3d 757, 760 (3d Cir. 1996) (stating that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241"); <u>cf.</u> <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235, 238 n.2 (3d Cir. 2005).

Therefore, for the reasons given above, we will affirm the judgment of the District Court.