OPINION OF THE COURT
PER CURIAM.
Rasheen Johnson, a federal inmate, appeals from the denial of his habeas corpus petition under 28 U.S.C. § 2241. We will affirm.
In 2005, while housed at FCI-Greenville in Illinois, Johnson was charged in an inci *787 dent report with extortion. According to the charge, Johnson demanded, on three occasions, that a fellow inmate send thousands of dollars to a post office box in Johnson’s mother’s name, and threatened to have his “people” harm the inmate’s wife if he refused.
Given the seriousness of the charge, a Unit Disciplinary Committee referred the matter to a Discipline Hearing Officer (“DHO”). At a hearing, Johnson denied engaging in extortion and claimed that he was owed the money for a gambling debt. Johnson pi’esented an inmate witness, who stated, among other things, that “[fit’s all over the compound that [the inmate victim] is trying to get [Johnson] for extortion.” The evidence before the DHO also included (i) copies of money orders sent by the inmate victim’s relative to Johnson’s mother, and (ii) a report by a Special Investigative Service Officer regarding interviews with the inmate victim and another inmate who claimed to have witnessed Johnson’s actions.
The DHO sustained the charge, explaining that he found the statements given by the inmate victim and his corroborating witness more credible than Johnson’s denial. The DHO found that Johnson had jeopardized the safety of other inmates and them families, and that “[he] and [his inmate] witness would have everything to gain and nothing to lose by not telling the truth.” The DHO also observed that the testimony of Johnson’s inmate witness dealt in “generalities” by referring solely to what he “ ‘heard’ on the compound.” As a sanction, the DHO imposed twenty-one days of disciplinary segregation, disallowed twenty-seven days of good-conduct time, and recommended a disciplinary transfer.
Johnson appealed to the North Central Regional Office, challenging the DHO’s decision to discredit his testimony. The Regional Office denied the appeal. It found that while the DHO did “give more credibility to the [inmate victim’s] statement^] ... he also relied on other evidence.... In addition, ... the DHO met the standards of fairness, impartiality, and burden of evidence on which to support his finding.” Johnson next appealed to the Office of General Counsel, again challenging the DHO’s decision to find the evidence of extortion more credible and sufficient to sustain the charge. The Office of General Counsel denied the appeal. It agreed with the DHO that the evidence supports a finding of extortion, and it observed that “the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the DHO’s decision, and appropriate sanctions were imposed.”
Johnson filed a habeas petition under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Illinois challenging the disciplinary proceeding and resulting loss of good-conduct time. His pro se petition raised essentially the following claims: (1) staff at FCI-Green-ville failed properly to investigate the extortion incident; (2) Johnson was not advised of his rights; (3) Johnson was not served with the incident report within 24 hours of the conclusion of the investigation; (4) the case manager and counselor failed to provide Johnson with a copy of their findings and disposition within 24 hours of the conclusion of the Unit Disciplinary Committee review; (5) the case manager and counselor denied Johnson an opportunity to call a relevant witness at the hearing; (6) Johnson was not given adequate notice of the charge in advance of the hearing; (7) the DHO denied Johnson access to his inmate witness and denied him an opportunity to review the statements against him prior to the hearing; (8) Johnson was denied a staff representative; (9) the DHO failed to afford Johnson adequate time to prepare for the hearing; (10) the administrative appeals *788 process failed to protect Johnson’s rights and violated BOP policy; and (11) the weight of the evidence fails to support the DHO’s decision. Johnson sought to have the report expunged from his record, and his good-conduct time restored.
The government argued, inter alia, that Johnson failed to exhaust administrative remedies on his due process claims, and, alternatively, that all of his claims are without merit. The Illinois District Court then transferred the matter to the United States District Court for the Middle District of Pennsylvania, the judicial district in which Johnson is housed. The Middle District found that Johnson did not exhaust or attempt to exhaust the administrative grievance process on his due process claims, ie., claims (1) through (10), and thus those claims must be denied. While Johnson did preserve a challenge to the weight of the evidence, the District Court held that because there is “some evidence” in the record to support the DHO’s decision, that claim must fail. Johnson timely appeals.
We have appellate jurisdiction under 28 U.S.C. § 1291. Our review is plenary over a district court’s legal conclusions. Rios v. Wiley, 201 F.3d 257, 263 (3d Cir.2000).
With regard to the question of exhaustion, “[fjederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241.” Moscato v. Fed. Bureau. of Prisons, 98 F.3d 757, 760 (3d Cir.1996). Failure to satisfy the Bureau of Prison’s procedural rules for administrative review can result in a procedural default, which will bar § 2241 review of a defaulted claim unless the prisoner can show “cause and prejudice.” Id. at 760-61. Here, while Johnson challenged the weight of the evidence and the DHO’s rejection of his credibility, he did not argue on administrative review that he was denied due process in the ten different ways that he has asserted in his habeas petition. Because Johnson offers no showing of “cause” to overcome his failure to raise these claims in the administrative proceedings, the District Court properly declined to reach the merits.
In any event, inasmuch as the Regional Director and the Office of General Counsel independently reviewed the record and were satisfied that Johnson was afforded due process, the record fully supports that determination. A prisoner facing the loss of good-conduct time as a result of an infraction is entitled to certain procedural protections in the disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 564-65, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The minimum required protections are: “(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.” Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Johnson’s suggestion that he was denied any due process protection to which he was entitled is utterly belied by the record, and indeed Johnson has offered no argument, and cited no record support, for his alleged due process claims on this appeal.
Finally, as to the claim that Johnson exhausted — the weight of the evidence — federal habeas review requires only that the DHO’s decision be supported by “some evidence” of guilt. See Hill, 472 U.S. at 454, 105 S.Ct. 2768. “[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.” Id. at 455-56, 105 S.Ct. 2768. Here, the inmate testimony, the money *789 orders reflecting payments to Johnson’s mother, and the paucity of Johnson’s evidence countering the charge provide “some evidence” to support the DHO’s determination.
We will affirm the District Court’s judgment denying habeas relief.