**CLD-009**                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2379
_____

DAVID MICHAEL BECKFORD,
Appellant

v.

WARDEN JERRY MARTINEZ
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court Civil No. 08-cv-02023)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 15, 2010

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

Opinion filed: October 25, 2010
_____

OPINION OF THE COURT
_____

PER CURIAM

David Beckford, a federal prisoner proceeding <u>pro</u> <u>se</u>, appeals an order of the

United States District Court for the Middle District of Pennsylvania denying his petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We will affirm the order of the District Court.

The record reflects that Beckford was issued an incident report charging him with Possession, Manufacture, or Introduction of a Hazardous Tool (Cell Phone Charger). According to the incident report, Officer C. Patrick found a cell phone charger under Beckford's mattress during a routine shakedown of the housing area on September 22, 2007. Beckford was transferred to administrative detention pending an investigation.

Beckford appeared before the Unit Disciplinary Committee on September 28, 2007. He stated that the charger belonged to an inmate named Kimley. Due to the severity of the charges, Beckford's matter was referred to a Disciplinary Hearing Officer. On September 28, 2007, Beckford was advised of his rights, including the right to have a full-time staff member represent him at his hearing and the rights to call witnesses and present documentary evidence. Beckford signed a form stating that he did not wish to have staff representation or witnesses at his hearing.

Beckford's disciplinary hearing was held on October 9, 2007. The Hearing Officer's report reflects that Beckford was again advised of his rights and that he again waived his rights to staff representation and witness testimony. Beckford stated at his hearing that the charger belonged to inmate Kimley and that he had argued with Kimley at work. Beckford did not provide any other evidence. The Hearing Officer found Beckford guilty as charged based on (1) the incident report, which stated that Patrick found the charger under Beckford's mattress; (2) a memorandum prepared by Patrick,

2

which stated that he had found a note stating that Beckford kept a phone in his mattress;[1] (3) a copy of the note; and (4) a 2005 memorandum prepared by Warden Holt, stating that inmates found in possession of cell phones would be charged with Possession, Manufacture, or Introduction of a Hazardous Tool and sanctioned, and that, under a Program Statement, inmates were responsible for keeping their areas free of contraband. The Hearing Officer stated in his report that he found no credible or convincing evidence that another person had placed the charger under Beckford's mattress.

The Hearing Officer sanctioned Beckford with 41 days disallowance of good conduct time, 90 days disallowance of non-vested good conduct time, 60 days of disciplinary segregation, 12 months loss of telephone privileges, and six months loss of visiting and commissary privileges. The Hearing Officer also recommended a disciplinary transfer in order to impose greater security. Beckford was advised of his appellate rights.

Approximately ten months later, on August 15, 2008, Beckford appealed the Hearing Officer's decision to the Northeast Regional Office. The appeal, however, was rejected because it was filed beyond the requisite 20-day period for submitting an appeal. On September 25, 2008, Beckford submitted an appeal to the Bureau of Prison's Central Office, which agreed with the Northeast Regional Office that Beckford's appeal was untimely.

---

[1]Patrick also stated in his memorandum that a cell phone was later found under Inmate Kimley's locker.

On November 11, 2008, Beckford filed a habeas petition pursuant to 28 U.S.C. § 2241 in District Court challenging the Hearing Officer's decision and claiming a violation of his right to due process. Warden Jerry Martinez, the respondent, argued that Beckford's petition should be denied because Beckford failed to exhaust his administrative remedies and because sufficient evidence supports the Hearing Officer's decision. The District Court denied Beckford's petition, concluding that Beckford had failed to exhaust his administrative remedies and that, even if it were to reach the merits of the petition, he was not denied his due process rights. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. Okereke v. United States, 307 F.3d 117, 119-20 (3d Cir. 2002).

We agree with the District Court's conclusion that Beckford failed to exhaust his administrative remedies. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (setting forth exhaustion requirement). As discussed above, the record reflects that Beckford's administrative appeals were rejected as untimely. Absent a showing of cause and prejudice for his procedural default, review of the merits of Beckford's habeas petition is barred. Id. at 762.

Beckford asserts in his habeas petition that he did not receive a copy of the Hearing Officer's report until July 21, 2008. Beckford, however, submitted no evidence supporting this statement. To the contrary, the Hearing Officer's report reflects that the Hearing Officer sent the report to Beckford on October 11, 2007. The Hearing Officer

4

also submitted a declaration attesting that his practice was to deliver reports immediately upon completion and advise inmates of their appellate rights. To the extent the delayed receipt of a Hearing Officer's report may constitute cause, Beckford has not established that he did not timely receive the report. Beckford also appears to assert in his reply to Martinez's response to his habeas petition that Martinez and prison staff interfered with his ability to pursue his administrative remedies. Martinez, however, does not explain what actions precluded him from submitting a timely appeal. Because Martinez has not shown cause for his procedural default, review of the merits of his habeas petition is barred. See id. (holding review of merits of habeas petition was barred where inmate could not show cause for his procedural default).[2]

Accordingly, because this appeal does not raise a substantial question, we will affirm the order of the District Court.

---

[2] Based on this conclusion, we do not address the District Court's additional ruling on the merits of Beckford's habeas petition.