BLD-139                                                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4638
_____

DERRICK WILSON,
                                                        Appellant

v.

STRADA, Warden

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 11-cv-01690)
District Judge: James M. Munley

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed: April 9, 2012)
_____

OPINION
_____

PER CURIAM

        Appellant Derrick Wilson was sentenced on December 29, 2006 in the United

States District Court for the Southern District of New York to a term of imprisonment of

72 months for conspiracy to distribute cocaine, distribution and possession with intent to

distribute cocaine, conspiracy to distribute marijuana, conspiracy to launder the proceeds of narcotics trafficking, and for being a felon in possession of a firearm. On December 15, 2009, Wilson was sentenced in the United States District Court for the Middle District of Pennsylvania to a term of imprisonment of 14 months, to run consecutively with his New York sentence, for escape from a correctional facility. Wilson's current projected release date with good conduct time is October 24, 2012.

The Second Chance Act of 2007, which applies here, increases a federal prisoner's eligibility for pre-release placement in a halfway house from 6 to 12 months, and requires the Bureau of Prisons to make an individual determination that ensures that the placement is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). In accordance with the Act, regulations were issued so that placement in a community correctional facility by the BOP is conducted in a manner consistent with 18 U.S.C. § 3621(b). See 28 C.F.R. § 570.22. In addition to the individual determination under section 3621(b), a prisoner's participation in, or completion of, Inmate Skills Development programs within the institution is considered separately to determine if additional placement time is warranted as an incentive under 42 U.S.C. § 17541, the Federal prisoner reentry initiative. Section 17541 requires the BOP to "provide incentives for prisoner participation in skills development programs." Id. at §17541(a)(1)(G). One such incentive may "at the discretion of the [BOP]" include "the maximum allowable period in a community confinement facility." Id. at § 17541(a)(2)(A).

On August 4, 2011, Wilson's Unit Team met to review his pre-release needs. As a result of this review, Wilson was recommended for a 91--120 day placement in a Residential Re-entry Center ("RRC"). Specifically, in making its assessment, the Unit Team considered Wilson's 25-year criminal history dating back to 1986, and his escape from the Lewisburg Prison Camp in 2009, which resulted in another federal conviction. In addition, Wilson's participation in or completion of Inmate Skills Development programs was noted, and it was noted that Wilson was taking college courses. It was further noted that he should be fully employable upon release.

On September 19, 2011, Wilson's referral to community placement was approved by the Warden. Just prior to that, on September 8, 2011, Wilson, who is incarcerated at the Low Security facility ("LSCI Allenwood") in White Deer, Pennsylvania, filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania. In this petition, Wilson argued that the BOP failed to comply with the Federal prisoner reentry initiative, and that the BOP improperly amended section 3621(b) by unlawfully adding a sixth factor to trick inmates into thinking that they have been considered for the incentives that were never properly implemented by the BOP. Wilson sought an order directing the BOP to grant him a community placement of 12 months. He also requested an order compelling the BOP to explain why the incentives were never created.

The BOP submitted an answer, arguing that Wilson had not exhausted his administrative remedies. Specifically, Wilson filed an informal resolution form complaining that he had not been considered for RRC placement, and he received a

3

response. He subsequently filed a Request for Administrative Remedy with Warden Strada on September 1, 2011, which was denied on September 19, 2011, just after the instant habeas corpus petition was filed. But, importantly, Wilson did not *complete* the exhaustion process because he did not appeal the Warden's decision to the Regional Director or Central Office as required by 28 C.F.R. § 542.15(a). In the alternative, the BOP argued that Wilson's habeas corpus claims were lacking in merit. In an order entered on December 16, 2011, the District Court agreed with both of the BOP's arguments and denied the habeas corpus petition.

Wilson appeals. We have jurisdiction under 28 U.S.C. § 1291; United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (certificate of appealability not required to appeal from denial of section 2241 petition). Our Clerk advised Wilson that his appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Cir. LAR 27.4 and I.O.P. 10.6. Wilson may resort to federal habeas corpus to challenge a decision to limit his RRC placement, Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005). However, prior to filing his petition, he was required to exhaust his administrative remedies. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). As explained by the District Court, Wilson did not pursue appeals with the BOP's Regional and Central Offices, as required by 28 C.F.R. § 542.15(a), following Warden Strada's denial of his request for an administrative remedy. We have held that a prisoner need not exhaust administrative remedies where the issue presented involves only statutory construction,

4

Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981), but Wilson asked the District Court to direct the BOP to provide him with the maximum 12- month RRC placement. Contrary to his assertion in the proceedings below, he was not merely challenging the construction of the Second Chance Act, or the BOP's implementation of the Federal prisoner reentry initiative. Exhaustion was required in his case, and Wilson's habeas corpus petition properly was dismissed for failure to exhaust administrative remedies.

We further agree with the District Court that Wilson's habeas corpus petition lacks merit in any event. Our review is limited to whether the BOP abused its discretion. See Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 2010). The BOP exercises its authority pursuant to the Second Chance Act to determine individual prisoner RRC placements by applying the five factors set forth in section 3621(b).[1] The sixth factor used by the BOP is participation and/or completion of Skills Development programs pursuant to 42 U.S.C.

---

[1] Section 3621(b) states:

> (b) Place of imprisonment. -- The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence -- (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28 ...

18 U.S.C. § 3621(b).

§ 17541. The record establishes that the BOP gave Wilson an individual review of the five statutory factors contained in section 3621(b), and the additional factor of his participation and/or completion of Skills Development programs pursuant to 42 U.S.C. § 17541, prior to recommending that he receive a 3-4 month placement. We have reviewed the Warden's response to Wilson's request for an administrative remedy, and we see no abuse of discretion in the way that the section 3621(b) factors were balanced with the goals of the Second Chance Act. Wilson received appropriate consideration for the maximum allowable period of community placement, as reflected by the comments concerning his skills development completion, his enrollment in college courses, and his future employability. The District Court properly concluded that the BOP did not abuse its discretion in reaching the determination that a 3-4 month placement is of sufficient duration to account for both Wilson's accomplishments and his history.

With respect to Wilson's contention that the BOP failed to comply with the Federal prisoner reentry initiative, we note his argument that Warden Strada's response "proves" that the BOP has not developed any incentives for participation in Inmate Skills Development Programming. In his response to Wilson, Warden Strada stated that: "[A]t this time there have been no incentives put forth by the [BOP] other than [the incentive of] consideration for the maximum period of 12 months in a Residential Re-Entry Program." See Traverse, Exhibit A, at 2. We disagree with Wilson's contention that the BOP failed to comply with the reentry initiative. Although the Second Chance Act requires the BOP to establish incentives for prisoner participation in skills development programs, the statute does not require that any particular incentive be established.

6

Moreover, Wilson received appropriate consideration for the maximum allowable period of community placement.

For the foregoing reasons, we will summarily affirm the order of the District Court denying the habeas corpus petition.