BLD-304                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1478
_____

ROBIN NEIL SNYDER,
                                        Appellant

v.

ATTORNEY GENERAL UNITED
STATES OF AMERICA; OFFICE OF
ATTORNEY GENERAL UNITED STATES OF
AMERICA; UNITED STATES DEPARTMENT OF JUSTICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-15-cv-00432)
District Judge:  Honorable Renee M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 20, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: August 25, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Robin Snyder, a federal prisoner, appeals the dismissal of his 28 U.S.C. § 2241 petition. We will affirm.

In 2008, Snyder received a 97-month sentence for wire fraud, money laundering, and obstruction of justice. In his § 2241 petition, Snyder sought credit for 389 days of alleged pretrial detention. This period was comprised of Snyder's day of arrest and a subsequent period of 388 days of pretrial home detention.[1] Snyder relied largely on 18 U.S.C. § 3585(b), which generally entitles defendants to credit for time spent in "official detention" prior to the commencement of their sentences. The District Court dismissed with prejudice Snyder's claim regarding his 388 days of home confinement, finding it "facially meritless." Memorandum Opinion and Order at 4-5. The Court dismissed Snyder's claim regarding his arrest day without prejudice for failing to exhaust his administrative remedies with the federal Bureau of Prisons. Id. It concluded that Snyder's sending of three demand letters to United States Attorney General did not qualify as exhaustion. Id. at 4. We agree with the District Court's resolution of Snyder's claims.

"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence

---

[1] In a document filed in this Court, Snyder alleges he spent nine days in a local jail and 379 days in home detention. As Snyder did not present this claim to the District Court, we will not address it.

2

commences…." 18 U.S.C. § 3585(b). The Supreme Court has held "a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions… is 'released.'" Reno v. Koray, 515 U.S. 50, 57 (1995). In Koray, the defendant was required to be confined in a community treatment center as a condition of bail. Id. at 53. The Supreme Court held this confinement could not be credited for time served because "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility….'" Id. at 58.

In this case, Snyder was confined at home, not in any penal or correctional facility. Although he was subject to restrictions, he was not subject to official detention during his period of home confinement. Therefore, his time spent in home detention as a condition of bail cannot be credited as time served.

Snyder also seeks credit for the day of his arrest. We agree with the District Court that Snyder has not exhausted administrative remedies as to the claim. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). He must do so before raising this claim in federal court.

For the reasons above, the judgment of the District Court is affirmed.