**DLD-084**                                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1847
_____

JAY BONANZA BRILEY,
Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 3-14-cv-00193)
District Court Judge:  Honorable Kim R. Gibson
_____

Submitted on Motion for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 17, 2015

Before: CHAGARES, GREENAWAY, JR., and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Filed: January 14, 2016)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Jay Bonanza Briley, a federal inmate, filed a petition for a writ of habeas corpus

under 28 U.S.C. § 2241 seeking to challenge the Bureau of Prison's ("BOP")

determination that a Greater Security Management Variable should be applied to his

custody classification.[1]  The District Court determined that such a challenge was not

cognizable in federal habeas and dismissed the petition.  Briley appealed, and the

appellees moved for summary action.  Because this appeal presents no substantial

question, we will grant the appellees' motion and summarily affirm.  See 3d Cir. L.A.R.

27.4; I.O.P. 10.6.

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over

the District Court's dismissal order.  See United States v. Friedland, 83 F.3d 1531, 1542

(3d Cir. 1996).

We agree with the District Court that Briley's challenge to his custody

classification is not cognizable in a § 2241 petition because he does not challenge the

basic fact or duration of his imprisonment, which is the "essence of habeas."  See Preiser

v. Rodriguez, 411 U.S. 475, 484 (1973).  Nor does Briley's claim challenge the

"execution" of his sentence within the narrow jurisdictional ambit described in Woodall

---

[1] When BOP concludes that an inmate, like Briley, represents a greater security risk than his normal security level would suggest, he is assigned a Greater Security Management Variable.  See BOP Program Statement 5100.08.  Briley alleged that because of this enhancement in his security score, he was assigned to a "low-security" prison instead of a "prison-camp."

2

v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Woodall held that a prisoner could bring a § 2241 petition challenging a BOP regulation that limited placement in a Community Corrections Center. We noted that "[c]arrying out a sentence through detention in [such a facility was] very different than carrying out a sentence in an ordinary penal institution." Id. at 243. Specifically, we determined that Woodall sought something well "more than a simple transfer," observing that his claims "crossed[ed] the line beyond a challenge to, for example, a garden variety prison transfer." Id. Here, we agree with the District Court that Briley's claims are much more akin to the "garden variety" custody levels that Woodall indicated were excluded from the scope of § 2241. Relatedly, we note, prisoners have no constitutional right to a particular classification. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Thus, the District Court correctly dismissed Briley's § 2241 petition. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.").

Accordingly, we will grant the appellees' motion and summarily affirm the judgment of the District Court.