**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2029
_____

JAY BONANZA BRILEY,
                                              Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-16-cv-05571)
District Judge:  Honorable Renee M. Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 20, 2017

Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: August 15, 2017)
_____

OPINION*
_____

PER CURIAM

        Jay Bonanza Briley, a federal prisoner currently incarcerated at FCI Fort Dix,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

appeals the judgment of the United States District Court for the District of New Jersey. We will summarily affirm.

## I.

In 2013, following a jury trial in the United States District Court for the Eastern District of Virginia, Briley was convicted of three counts of assaulting, obstructing, and impeding a federal officer; and one count of disorderly conduct – obscene acts. Briley was sentenced to a seventy-eight month period of incarceration, followed by three years of supervised release.

In September 2014, while incarcerated at FCI Loretto, Briley filed a habeas petition under 28 U.S.C. § 2241 in the Western District of Pennsylvania, alleging that the Federal Bureau of Prisons ("BOP") improperly applied a Greater Security Management Variable ("MGTV") to his security classification, and seeking an order that would allow him to serve his sentence on home confinement or at a federal prison camp. The District Court dismissed Briley's § 2241 petition for lack of subject matter jurisdiction. Briley appealed and, on January 14, 2016, this Court affirmed the District Court's decision, holding that "Briley's challenge to his custody classification is not cognizable in a § 2241 petition because he does not challenge the basic fact or duration of his imprisonment." Briley v. Att'y Gen. U.S., 632 F. App'x 84, 84 (3d Cir. 2016). Briley subsequently filed a number of unsuccessful post-conviction motions.

In September 2016, Briley filed the instant § 2241 petition, alleging that the BOP staff at FCI Fort Dix improperly renewed a MGTV and later improperly applied a Public

2

Safety Factor ("PSF") to his security classification, precluding him from transferring to a minimum-security prison camp. Briley seeks immediate release to a residential reentry center ("RRC"), and participation in the Veteran Outreach Treatment Program and the Veterans Reentry Program.[1] He further requests one year's early release based on his Residential Drug Abuse Program ("RDAP") treatment.[2]

By order entered on April 21, 2017, the District Court dismissed Briley's § 2241 motion because the claims challenging the BOP's renewal of a MGTV and assignment of a PSF were not cognizable under federal habeas review, and the claims for RRC placement and early release for RDAP treatment were unexhausted. Briley appeals.

II.

---

[1] Briley named as defendants: Attorney General Loretta Lynch, FCI Fort Dix Warden Ortiz, and FCI Fort Dix Unit Managers Robinson and Olsen. The District Court properly dismissed from the action all defendants with the exception of Warden Ortiz because the proper respondent to a petition under 28 U.S.C. § 2241 is the petitioner's immediate custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

[2] Briley also sought money damages based on his deprivation of transfer to a camp. By order entered on September 23, 2016, the District Court determined that Briley's § 2241 petition could proceed, but that he must file a separate civil rights action, after exhausting his administrative remedies, to seek money damages for a constitutional violation. Briley also submitted an application for a writ of habeas corpus ad testificandum, asking that he be brought before the District Court to present his case. The District Court denied Briley's application because an evidentiary hearing was unnecessary as his petition did not turn on disputed factual issues. See, e.g., Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 719 n.16 (3d Cir. 2004) (holding "where the motion turns on a disputed factual issue, an evidentiary hearing is ordinarily required").

3

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal order. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Because Briley has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit.

We agree with the District Court that, like the claims in his previous § 2241 petition, Briley's instant claims – that the BOP staff improperly renewed a MGTV and improperly applied a PSF to his security classification – are not cognizable in a § 2241 petition because he does not challenge the basic fact or duration of his imprisonment. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Nor does Briley's claim challenge the "execution" of his sentence within the narrow scope described in Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). In Woodall, we held that a district court has jurisdiction under § 2241 to consider a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC") because "[c]arrying out a sentence through detention in a CCC is very different than carrying out a sentence in an ordinary penal institution." Id. at 243. Specifically, we determined that Woodall sought "more than a simple transfer," observing that his claims "crossed[ed] the line beyond a challenge to, for example, a garden variety prison transfer." Id. Briley's claim that he was denied transfer to a minimum-security prison camp is much more akin to the "garden variety" transfers that are excluded from the scope of § 2241.

4

Briley also seeks immediate RRC placement, participation in the Veteran Outreach Treatment Program and Veterans Reentry Program, and one year's early release based on RDAP treatment. While this Court has allowed a habeas petitioner to challenge a BOP decision denying transfer to a half-way house or RRC, see Woodall, 432 F.3d at 243-44, Briley has failed to exhaust available administrative remedies for these claims, see Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760-62 (3d Cir. 1996) (holding federal inmate must first exhaust administrative remedies before seeking habeas relief pursuant to 28 U.S.C. § 2241). Briley concedes that he failed to exhaust administrative remedies, and seeks an abeyance of the petition. We agree with the District Court that an abeyance is inappropriate here as it frustrates the purpose of "conserv[ing] judicial resources" when an agency may grant the relief sought through the administrative process. Id. at 761-62.

III.

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal, and will thus summarily affirm the judgment of the District Court.

5