**ALD-229**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1133
_____

CARPEAH RUDOLPH NYENEKOR, SR.,
Appellant

v.

WARDEN JESSUP FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. 1:17-cv-00340)
District Judge: Honorable Christopher C. Conner
_____

Submitted on Appellee's Motion for Summary Action Pursuant
to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 11, 2019

Before:  MCKEE, SHWARTZ, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 19, 2019)
_____

OPINION*
_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Federal inmate Carpeah Rudolph Nyenekor, Sr., appeals the District Court's dismissal of his habeas petition under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary because the District Court dismissed Nyenekor's habeas petition without an evidentiary hearing. See Borbot v. Warden Hudson Cty. Corr. Facility, 906 F.3d 274, 276 (3d Cir. 2018).

The District Court dismissed the habeas petition for two reasons: (1) Nyenekor failed to exhaust institutional remedies with respect to his claims challenging the loss of good-time credits, cf. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) ("Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241."); and (2) Nyenekor's claims challenging the conditions of his confinement are not cognizable in a § 2241 habeas proceeding, cf. Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate."). Those reasons are echoed in the Appellee's motion for summary affirmance of the District Court's judgment.

Having reviewed the record on appeal and the arguments made by the parties, we are satisfied that the District Court did not err in dismissing Nyenekor's § 2241 petition, for substantially the reasons given in its memorandum opinion.[1] And because this appeal

---

[1] We are persuaded by none of Nyenekor's arguments on appeal. For example, while he argues that the Appellee's motion for summary action is untimely and thus defective, see Summary Action Resp. at 1-4, Nyenekor has overlooked the Clerk's February 25, 2019 text order permitting the Appellee until March 27, 2019, to respond to the opening brief.

presents no substantial question, we grant the Appellee's motion and will summarily affirm

the judgment of the District Court. <u>See</u> 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6

(2018). Nyenekor's "motion for expedited hearing and disposition" is denied.

---

Elsewhere in his filings, Nyenekor has mistakenly focused on the purported merit of his prison grievances, rather than on the District Court's dispositive exhaustion and cognizability rulings. <u>See, e.g.</u>, Br. at 1 (stating his issues for appeal). Additionally, he has conflated the PLRA's statutory exhaustion requirement for civil rights cases with the judicial doctrine of exhaustion applicable to habeas petitions under § 2241. <u>See, e.g.</u>, Br. at 5, 7, 9-12; <u>cf.</u> <u>Ross v. Blake</u>, 136 S. Ct. 1850, 1856-57 (2016). Moreover, while Nyenekor argues that a period of solitary confinement hampered his ability to file a sufficient number of copies of certain appeal forms, there is no evidence that any of his appeals were rejected for lack of copies (instead of for being overlong, <u>see, e.g.</u>, ECF 17-1 at 18, or illegible, <u>see, e.g.</u>, ECF 17-1 at 18, or improperly consolidated, <u>see, e.g.</u>, ECF 17-1 at 36, or directed to the wrong component of the review process, <u>see, e.g.</u>, ECF 17-1 at 36, or constructively abandoned, <u>see, e.g.</u>, ECF 17-1 at 18). Finally, Nyenekor has not shown that it would have been a futile act to attempt to properly complete institutional exhaustion of remedies, <u>cf.</u> <u>Gambino v. Morris</u>, 134 F.3d 156, 171 (3d Cir. 1998); the record reflects instead that Nyenekor's failure to exhaust is attributable solely to his non-conformance with the rules of the exhaustion process.